Clayton *vs.* Thompson.

No. 24.—PHILIP A. CLAYTON, trustee, &c. plaintiff in error, *vs.* ASA THOMPSON, defendant.

[1.] Generally, the answer of a defendant in Equity cannot be read to charge his co-defendants.

[2 ] The answer of one may be read however, against the other, in cases where they are proven to occupy the relation of partners, or where the defendant against whom it is admitted, is in privity with his co-defendant.

In Equity, in Houston Superior Court. Tried before Judge IRWIN, presiding for Judge POWERS. November Term, 1852.

Philip A. Clayton, as trustee of Aurelia E. Rives, wife of John T. Rives, in 1849, commenced an action of trover, in Houston Superior Court, against Asa E. Thompson, for the recovery of certain slaves.

Pending said action, Clayton, as trustee, and Mrs. Rives, filed their bill in Equity, against Thompson and Rives, alleging that in 1837, Rives executed a conveyance in trust, to Clayton, by which he settled certain slaves upon his wife, Mrs. Amelia Rives, for and during her life, and at her death upon her issue ; that subsequent to the execution of said trust deed, by permission of Clayton, the negroes went into possession of Rives and his wife; that in 1842, Rives and Asa E. Thompson, entered into a partnership to carry on the business of farming, by which Rives was to place the said negroes on the plantation of Thompson, but the terms of which partnership were unknown to complainants; that after the formation of said partnership, Rives having occasion for money, received from Thompson from time to time, certain sums of money, the amount of which is unknown to complainants ; that the said negroes were transferred to .Thompson in payment of. said advances of money made by Thompson, it being agreed at the time of such transfer, that upon the payment of the moneys advanced to Rives by Thompson, the negroes should be returned.

Clayton *vs.* Thompson.

The bill prayed that an account might be taken between Rives and Thompson, relative to the partnership, complainants offering to pay any balance that may be found against Rives in favor of Thompson, and that the negroes be returned to complainants, and that if any balance should be found, upon account, against Thompson, in favor of Rives, that the same be paid over to complainants.

The defendants, Thompson and Rives answered the bill.

By consent of the parties, both cases were submitted and tried at the same time, by the Jury.

In their assignment of error, counsel for plaintiffs in error specified several grounds, all of which, but one, (the rejection of Rives' answer,) were stricken out, because the same were not specified in the bill of exceptions ; and this ruling of the Court below, excluding from the Jury the answer of Rives, is the only question reviewed by this Court.

STUBBS & HILL, for plaintiff in error.

S. & R. P. HALL, for defendant in error.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The only question for decision in this case, is whether the answer of one of the defendants, Rives, under the circumstances, ought to have been admitted in evidence against the other.   It is very well settled, that as a general rule, the answer of one of two or more defendants in Equity, cannot be read to charge the other.

[2.] To the rule however, there are exceptions.   The exceptions go mainly upon the ground of admissions.   Where the admissions of one defendant are admissible against his co-defendant, there also his answer is admissible—as the admissions of one partner, after the partnership has been established, or the admissions of one defendant in privity with the other.   This case comes within both these exceptions.   The bill goes for the settlement of a partnership in farming, alleg-

ed to have been entered into by the defendants, out of which grew the indebtedness of one of the defendants, Rives, to the other defendant, Thompson; and for the securing of which indebtedness, the negroes were delivered by Rives to Thompson. To relieve the negroes thus hypothecated, the complainant, who claims them as trustee for Mrs. Rives, proposes to pay any balance due to Thompson, if upon a settlement of the partnership, any should be found due, and asks a decree in his favor for the balance, if any, which might be found coming to Rives, upon a settlement of the partnership. It then asks a decree that Thompson's title to them, whatever that may be, be set aside, and the negroes be delivered up to him.

A settlement of this partnership is therefore a preliminary object, which the bill proposes to accomplish. It was proven by other testimony to have existed, and that being true, the answer of Rives, a partner was admissible, touching all matters relating to it. It appears too, that Thompson claims title to them through Rives; they are in privity, and on that account Rives' answer was admissible. 1 *Greenleaf's Evid.* §178. *Peak's Evid.* 55. *Doug.* 652. 1 *Taunt.* 104. 1 *Gall.* 635. 6 *Cranch,* 8, 24.

Let the judgment be reversed.