## TOMPKINS *vs.* THE FEMALE COLLEGE.

1. However erroneous a proceeding may be, still, if it results rightly, and will be a bar to any future litigation, it will not be disturbed.

Action to subject Trust Property, in Columbia Superior Court.   Decision by Judge Holt, at March Term, 1860.

This was a common law suit, brought by the Georgia Female College against Sarah Tompkins, seeking to subject her trust estate to the payment of a debt contracted by her.

The plaintiffs offered evidence, showing that Sarah Tompkins placed her two daughters at the Georgia Female College at the time, and for the length of time, specified in the bill of particulars attached to the pleadings, and that the several items charged in the bill of particulars were correct.   Plaintiff's counsel put in evidence a note given by Sarah Tompkins for the full amount of said bill of particulars, to the Georgia Female College, in settlement of said account.   A letter was put in evidence from Sarah Tompkins, admitting the correctness of the claim, and promising to pay the amount. The statements made in the pleadings, in reference to a trust deed, conveying certain negroes and real estate to Sarah Tompkins, from John Tompkins, she being then a widow, during her natural life, and at her death to the children she then had, were admitted to be true.   And that subsequently she intermarried with Frank Tompkins, and entered into an ante-nuptial agreement, by which all the property named in said deed was placed in the hands of Charles H. Hill, as trustee, freed from the management or control of said Frank Tompkins.   It was further admitted, that Charles H. Hill, the said trustee, died long since, and that no new trustee had been appointed, at the commencement of said suit, and that Sarah Tompkins held and managed the said property herself. It was further admitted, that she had six children by her first husband, who were interested in this property, and that Susan, one of the children for whom the account was contracted, was the issue of her second marriage, and not interested in this property.   The plaintiff having closed his case, the defendant's counsel asked the Court to charge—

1st. That unless the credit in this case was given to the trust estate—and there is evidence to show that at the time the girls were placed in college, that the trust estate was

pledged by Sarah Tompkins—they cannot recover from the trust estate, but must look to her individually for payment.

2d. That if they took her individual note, after the debt had been contracted, in pursuance of the agreement, that she alone was responsible, having no knowledge of the trust estate, the trust estate is not liable.

3d. That in order to make a trust estate liable, the debt must not only be contracted on the credit of the trust estate, but must be for the benefit of the trust estate, or the support of the *cestui que trusts,* and should be necessary and proper for their support, due regard being had to the condition and circumstances of the *cestui que trust.*

4th. That the articles charged in the bill of particulars are not such necessaries as are contemplated by law, due regard being had to the interest and support of the other children interested in the estate.

5th. That Susan, one of the children for whose benefit a part of this debt was contracted, is the issue by the second marriage, and no way interested in this trust estate, and that the trust estate cannot be bound in any way for the debt contracted on her account.

All of which requests to charge the presiding Judge refused, and charged the jury, that Sarah Tompkins, being the life-tenant, can dispose of the income of the property as she sees fit, and that she is bound to educate her children, whether they are interested in this property or not; that a collegiate education is necessary and proper for girls in the present condition of society; and that as she contracted for their education at the Georgia Female College, she is bound to answer for the debt out of her life-estate, and that the jury can find a verdict upon which a judgment can be entered, sequestering the property until its hire shall liquidate the debt.

To all of which charges and refusals to charge, defendant's counsel excepted, during said hearing of said cause, then in Court, and now here, and insist that the Court erred in refusing to charge as requested by defendant's counsel, and in charging as above alleged.

The jury returned a verdict commanding the property to be taken in hand by the sheriff, and hired out until the said debt should be paid.

Which finding of the jury defendant's counsel insist is contrary to law and evidence, and excepts for error.

The Judge presiding in the Court below adds the following statement to the bill of exceptions:

### Instructions of the Court.

That Sarah Tompkins, as life-tenant, could charge the estate for what was necessary for her or for the estate; that as mother, she was equally under obligations to provide for the education of all her children, whether interested in the remainder or not; that it was hers to determine the kinds of education she could give her children, and that if she committed a mistake in that matter, and gave one not suited to her condition in life, her blunder cannot affect the right of those she may have employed for that purpose.

L. D. LALLERSTEDT, for plaintiff in error.

JOHN H. HALL, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

The whole proceeding in this case was wrong. The cause of action does not fall within the Act of 1856, allowing trust estates to be sued at law, and consequently could not be properly enforced under it.

The facts in this case are briefly these: Mr. Sarah Tompkins, while a widow, had certain property given to her for life, with remainder to her children. Being about to marry again, she settled her life-estate to her separate use, with remainder to her children. from whom, of course, it could not be taken or diverted, and over which she had no dispository power by deed or otherwise. Her second husband abandoned the country and has gone to parts unknown. She places a daughter of the second marriage at the female college at Madison, to be educated. This, of course, is no trust debt, but the individual contract of Mrs. Tompkins, for which her life-estate in the property settled upon herself would be bound, and for which an action would be against her, her husband having abandoned the country; and by the verdict of jury, the thing works out precisely in this way, and if it be true that "all is well that ends well," why should the finding be disturbed?

True, the judgment is not in conformity with the absolute verdict, neither is it in accordance with the Statute of 1856. It directs the life-estate to be sold yearly, until the debt is satisfied, instead of directing it to be sold *in solido.* But as

the defendant is not hurt by this modification in her favor, she should not be allowed to take advantage of the error. The only doubt is, whether a satisfaction under this trustee proceeding would bar another action instituted against Mrs. Tompkins individually? We hold that it would.

