### HICKSON vs. BRYAN, ADMINISTRATOR, et al.

EQUITY, FROM HARRIS. Evidence. Equity. Trusts and Trustees. Fraud. (Before Judge Simmons.)

Hall, J.—A letter from one person to another, neither of them being parties to the suit, and such parties against whom the letter was offered not being in any way connected with the correspondence, as to them was hearsay and inadmissible.

(a.) There was no error in rejecting a record of the Superior Court in which an alteration had been made, it not being shown that the parties against whom it was offered had any connection with such alteration.

2. Generally the answer of one defendant in equity is not evidence for or against his co-defendants ; but to this general rule there are exceptions, one of which is where the relation of partners exists between them, or where the defendant against whom it is admitted is in privity with his co-defendant. If the rejection of the answer of one of the defendants in this case was error, it was not material, as the answer was already before the jury and the complainant could resort to it for the purposes and in the manner indicated by the Code and the former rulings of this court. 13 Ga., 206 ; 32 Id., 219 ; Code, §3107.

3. The law holds all persons aiding or assisting trustees of any character with a knowledge of their misconduct in misapplying assets directly accountable to the party injured, and a person thus wronged may proceed against the trustees and their coadjutors jointly or severally at their option. The pleadings and evidence in this case made out a prima facie case against the defendants, and it was error for the court to dismiss the bill on motion. Code, §3,151 ; 14 Ga., 342.

(a.) Though an answer may be waived, this does not deprive the complainant of the privilege of availing herself of admissions made in it ; and although the whole answer is before the jury, and the admissions are qualified by other parts of it, they are not bound to believe such qualifications. 45 Ga., 585.

(b.) It is the peculiar province of the jury to pass upon the facts in questions of fraud, under proper instructions from the court. Unless the facts from which fraud is inferred are undisputed, it is never a question of law, and the same rule applies where fraud and concealment are replied to a plea of the statute of limitations. Bigelow, Fraud, 448, 449 ; Code, §2.931.

(c.) The propriety of referring this case to a master in chancery suggested.

Judgment reversed.

Hatcher & Peabody, A. A. Dozier, for plaintiff in error.

Smith & Russell; Peabody & Brannon; Jos. F. Pou; Geo. H. Bryan, for defendants.