HICKSON *vs.* BRYAN, administrator, *et al.*

1. A letter from one person to another, neither of them being parties to the suit, and such parties against whom the letter was offered not being in any way connected with the correspondence, as to them was hearsay and inadmissible.

(*a.*) There was no error in rejecting a record of the superior court in which an alteration had been made, it not being shown that the parties against whom it was offered had any connection with such alteration.

2. Generally the answer of one defendant in equity is not evidence for or against his co-defendants; but to this general rule there are exceptions, one of which is where the relation of partners exists between them, or where the defendant against whom it is admitted is in privity with the co-defendant. If the rejection of the answer of one of the defendants in this case was error, it was not material, as the answer was already before the jury and the complainant could resort to it for the purposes and in the manner indicated by the Code and the former rulings of this court.

3. The law holds all persons aiding or assisting trustees of any character, with a knowledge of their misconduct, in misapplying assets, directly accountable to the party injured, and persons thus wronged may proceed against the trustees and their coadjutors jointly or severally at their option. The pleadings and evidence in this case made out a *prima facie* case against the defendants, and it was error for the court to dismiss the bill on motion.

(a.) Though an answer may be waived, this does not deprive the complainant of the privilege of availing herself of admissions made in it; and although the whole answer is before the jury, and the admissions are qualified by other parts of it, they are not bound to believe such qualifications.

(b.) It is the peculiar province of the jury to pass upon the facts in questions of fraud, under proper instructions from the court. Unless the facts from which fraud is inferred are undisputed, it is never a question of law, and the same rule applies where fraud and concealment are replied to a plea of the statute of limitations.

(c.) The propriety of referring this case to a master in chancery suggested.

November 17, 1885.

Evidence. Equity. Trusts and Trustees. Fraud. Before Judge SIMMONS. Harris Superior Court. April Term, 1885.

To the report contained in the decision, it is only necessary to add that the following were among the errors assigned in the bill of exceptions:

(1.) Because the court rejected from evidence a letter written by Gen. Henry L. Benning to one W. F. Moses, dated June 29, 1874, in which he stated that he understood that Mrs. Hickson had placed all of her cases in the hands of Mr. Roland Russell for settlement; that he had had nothing to do with any of the cases since then, and could not tell the terms of the settlement; and that Bryan (one of the defendants) was and is insolvent, as also are the securities on his bond.

(2.) Because the court rejected from evidence the minutes and records of the superior court showing that a bill had been filed by the administrator of the vendor, from whom complainant's husband bought a lot of land, against

Bryan, administrator of her husband, to foreclose a vendor's lien for purchase money on a certain lot of land; that the decree was against lot number 248, but on the record of the bill, the number had been altered, after being recorded, so as to read number 232.

(3.) Because the court refused to allow the answer of Bryan to be read in evidence against his co-defendants.

(4.) Because, at the close of the complainant's testimony, the court, on motion, dismissed the bill for want of proof to sustain it.

HATCHER & PEABODY; A. A. DOZIER, for plaintiff in error.

SMITH & RUSSELL; PEABODY & BRANNON; JOS. F. POU; GEO. H. BRYAN, for defendants.

HALL, Justice.

Myra T. Hickson, as the widow and sole heir at law and distributee of Thomas Hickson, brought her bill against George H. Bryan, as his administrator, and against James M. Mobley, Reuben E. Mobley, Roland A. Russell and William M. Griggs, alleging, in substance, that Bryan, as such administrator, had wasted and converted to his own use, and had allowed his co-defendants to do so, much the larger portion of the assets belonging to the estate of her deceased husband, and praying that they, and each of them, might settle with and account to her for the property thus maladministered, and especially that the evidences of title by which the defendants, James M. and Reuben E. Mobley, held certain lands belonging to her said husband's estate, and which she alleged they had obtained fraudulently, might be set aside, and that they be decreed to turn over the same, and to account with and pay to her the rents, issues and profits found to be due for the use thereof. The defendants answered the bill, and among other defences set up the lapse of time and the statute of limitations.

At the trial, on the close of complainant's evidence, the defendants made a motion to dismiss the suit, which was sustained by the court, and this is the principal error as-signed.

1. As to the exception that the court erred in rejecting a letter offered in evidence by complainant, and written by general Benning to her kinsman, Mr. Moses, in relation to some litigation in which he had been engaged as her counsel, we think there was nothing in it; neither of the defendants was in any way connected with the correspond-ence, and as to them, it was *res inter alios acta* and hear-say. So of the altered record from Harris superior court, as to the lot of land on which Simpson's heirs enforced a vendor's lien, it was not shown that either of the defend-ants had the remotest connection with that alteration, or that the same was in any manner fraudulent or unauthor-ized.

2. The rejection of Bryan's answer, when offered as evi-dence against the other defendants, if error at all, was not material. It was already before the jury, and if the com-plainant could use it in the manner and for the purposes indicated, under the rules and limitations of the law, as laid down in the Code and former decisions of this court, she was at liberty to resort to it on the hearing before the jury. Generally the answer of one defendant is not evi-dence for or against his co-defendants; but to this general rule there are exceptions, one of which is, where the rela-tion of partners exists between them, or where the defend-ant against whom it is admitted is in privity with his co-defendant. *Clayton vs. Thompson*, 13 *Ga.*, 206 ; *Adkins vs. Paul*, 32 *Id.*, 219 ; Code, §3107. Whether such privity existed between Bryan and any of his co-defendants would depend in some measure on the proof as to their complicity with him in wasting and mismanaging the estate confided to him to administer.

3. Should the court, at the close of complainant's evi-dence, have dismissed her case for the want of proof to

sustain the statements in her bill as against the defendant or any of them? The law holds all persons aiding and assisting trustees of any character, with a knowledge of their misconduct in misapplying assets, directly accountable to the party injured (Code, §3151), and persons thus wronged may proceed against the trustees and their coadjutors jointly or severally at their option. *Shivers vs. Palmer et al.*, 14 *Ga.*, 342. The leading facts stated in this bill were that the defendant, Bryan, took into his hands, as administrator, a large estate belonging to his intestate; that the debts were of comparatively small amount, and that there were more than enough assets in hand, readily convertible into cash, to have doubly paid these debts and all other charges existing against the estate; that the cotton alone, which was converted into money and came to the hands of the administrator, was more than sufficient to serve these ends and to have left the corpus of this fine estate intact to be turned over to this widow; that she received very little from the estate—a mere pittance; if it had been properly managed, a year's support and her dower, of which she was eventually deprived by having been persuaded to assume debts due from her husband, which finally brought her down to sale, would have been saved to her; that James M. Mobley and his son, Reuben E., now control and claim to own the most valuable part of the estate, while the complainant is in great poverty; that the said James M. was counsel for the administrator and for her, as he was also for parties having claims against the estate; that he so advised as to its management as to become owner of its most valuable parts; that his relations to the parties at interest enabled him to get this great advantage; that though professing in 1868 to withdraw from all professional connection with complainant, he in fact directed and controlled the litigation, through some of his co-defendants, so as to result to his own profit and gain; that complainant was kept in ignorance of these proceedings and their

results, and misled as to the same, and has but recently, notwithstanding all the effort and inquiry she could make, come to a knowledge of the facts, so as to enable her to set up her rights in a court of justice. Other breaches of duty are charged upon the parties, which need not be specified.

We think there was enough in the proofs and in the pleadings to have carried the case to the jury, and if not rebutted by counter-evidence to have sustained a decree in complainant's favor. In short, that she made a good *prima facie* case, and that there was error in taking it from the jury and dismissing it out of court.

Though an answer was waived, this did not deprive the complainant of the privilege of availing herself of admissions made in it; and although the whole answer is before the jury, and the admissions are qualified by other parts of it, they are not bound to believe such qualifications. *Sims vs. Ferrill*, 45 *Ga.*, 585, and this rule has been laid down both in earlier and later cases in this court, and may be considered as established law.

It is the peculiar province of the jury to pass upon the facts in questions of fraud, under proper instructions from the court. Unless the facts from which fraud is inferred are undisputed, it is never a question of law to be passed upon solely by the court, and the same rule applies where fraud and concealment are replied to a plea of the statute of limitations. "If no facts are involved but the simple one of the length of time which has elapsed since the contract was made, the question of reasonable time is one of law, but where disputed facts, involving questions of excuse of the time of discovering the fraud, or the title, are to be passed upon, the question is one of mixed law and fact, and is for the jury under instructions" Bigelow on Frauds, pp. 448, 449, and citations in foot-note. Our own statute is confirmatory of this view: "If the defendant, or those under whom he claims, has been guilty of a fraud, by which the plaintiff has been debarred or deterred

from his action, the period of limitation was only from the discovery of the fraud. Code, §2931 and citations.

As this case goes back for another hearing, we have abstained from going into the particulars presented by these answers and the evidence had at the trial. We have done so purposely, as we would not, on this *ex parte* showing, do anything that might prejudice the rights of either of the parties, and have considered and determined only such questions of law as seemed indispensable to the case in its further progress.

We suggest, without, however, directing it, that the proper disposition to make of this case would be to refer it to a master, with authority given to pass both upon questions of law and fact. In this way it can be more thoroughly investigated and examined than could possibly be the case on a trial during the term of the court.

Judgment reversed.