## BROWN *v.* HOLTON.

Letters written by an attorney at law, in whose hands claims against a merchant had been placed for collection, to the creditor and to a collection agency, in which letters the attorney stated, in effect, that the merchant debtor had failed and refused to pay his debts, when in truth and in fact the merchant had paid to the attorney the debts referred to, were libelous, and an action could be maintained thereon without an allegation of special damage.

Submitted November 10, — Decided December 7, 1899.

Action for libel.   Before Judge Smith.   Wilcox superior court.   June 23, 1899.

It appears from the petition that the plaintiff paid the defendant certain debts, which the defendant, as an attorney at law, had been employed to collect from him, and that the defendant retained the money collected and, after several months had elapsed, wrote and sent letters to certain of the creditors, and to a firm of collecting agents from whom he had received

one of the claims, which letters were received by them, in which he said, in regard to the indebtedness collected for them: "I have not collected anything on the claim against M. A. Brown." "M. A. Brown has not paid anything on the claim against him." Others of the creditors received letters from him to the effect that only a part of their claims had been paid. The plaintiff was at that time engaged in business as a merchant. The petition alleges that the statements thus made were false, malicious, defamatory, and libelous, and were intended to and did injure the plaintiff in his business and character as a merchant, and were also intended to conceal the fact that the defendant had wrongfully and fraudulently kept the money he had collected. It is also alleged that the firm of collecting agents referred to had branch offices in numerous cities named, and at frequent intervals published lists of delinquent debtors, and that the statement to them above mentioned was published to all of these offices and to their customers, and therefore had the effect of illegally and unjustly blacklisting plaintiff in the principal markets of the country. There is a general allegation of damages to the amount of $3,000. It is further alleged, that, in consequence of the libelous statements mentioned, certain of the creditors named, who were manufacturers of and dealers in goods indispensable to the plaintiff in his business as a merchant, refused to fill his orders for goods, and, his stock being exhausted, his customers had to go elsewhere to buy their goods, and his business and profits were thus decreased to the amount of $200 before he could get such goods from other dealers; also, that in lieu of the goods ordered and not sent as aforesaid, he had to order others from dealers whose goods were not so salable and were of higher price than those manufactured and sold by the dealers first mentioned, and cost him $50 more than the goods of those dealers would have cost; so that, in addition to the general damages claimed, he sustained special damage to the amount of $250.

A demurrer was filed by the defendant, the grounds of which were: No cause of action is set out. No facts are alleged which constitute malice or tend to show that the defendant had ill will toward the plaintiff or intended to injure him. The damages

alleged are too remote and indefinite, and are not capable of. exact proof.    The facts alleged would not authorize the finding of punitive damages ; and as no actual damages are alleged, the petition is fatally defective.    There is no allegation that the plaintiff was a trader, or that he was dependent on the creditors named for credit, or had credit with no one else.    The damages alleged are speculative; there can be no recovery for profits that the plaintiff might have made.    The court sustained the demurrer and dismissed the case, and the plaintiff excepted.

*Bankston & Cannon* and *Cutts & Lawson*, for plaintiff.
*Thomson & Whipple*, for defendant.

SIMMONS, C. J.    The facts alleged in the declaration were, as against the demurrer, sufficient, in our opinion, to entitle the plaintiff to a trial by the jury.    These facts will be seen in the official report.    It appears that the defendant in the court below, and the defendant in error here, was a practicing attorney, and as such received several claims against the plaintiff. According to the allegations in the declaration, he was paid these claims by the plaintiff, and, after receiving payment therefor, he wrote his clients, and also a collecting agency, in effect, that the plaintiff had failed and refused to pay them.    Plaintiff was a merchant engaged in business in the county of Wilcox.    The letters reflected upon the trade or business and business character of the merchant.    It is well settled, and is declared in our code, that "charges made on another in reference to his trade, office, or profession, calculated to injure him therein," are actionable.    When such charges are made against the trade, business, or profession of another, it is not necessary to allege special damages.    The law is sensitive in regard to charges made against the business of a merchant.    It will not permit any one to make false charges against a merchant's credit or his financial standing.    Newell, in his work on Slander and Libel, 2d ed. § 35, says: "Of merchants, tradesmen, and others in occupations where credit is essential to the successful prosecution, any language is actionable without proof of special damages which imputes a want of credit or responsibility or insolvency."    And for example, he says it is actionable without proof

of special damages to say of a tradesman, "He is not able to pay his debts." "I have heard of no failures, but understand there is trouble with S." "He will lose his debt; M. is unable to pay it." And other illustrations may be found in that section. In § 33 the author says: "The law guards most carefully the credit of all merchants and traders. Any imputation on their solvency, any suggestion that they are in pecuniary difficulties, is therefore actionable without proof of special damages. In actions of slander for words affecting the pecuniary credit of a merchant it need not be averred nor proved that they were spoken in relation to his occupation as a merchant; for in their nature they strike at the root of the mercantile character."

*Judgment reversed. All the Justices concurring.*