## TAPLEY *v.* TAPLEY, next friend.

115   109
Case 2
120   529

One who purchases from a trustee who has authority to sell acquires a title to the property sold; and the title thus acquired is not affected by the subsequent conduct of the purchaser in knowingly aiding the trustee in a misappropriation of the proceeds of the sale, unless such misappropriation be the result of an arrangement between the purchaser and the trustee before the sale is completed, or the purchaser know that the trustee is selling for the purpose of misappropriating the proceeds.   A purchaser who buys in good faith from a trustee, and subsequently aids the trustee in misappropriating the purchase-money, is liable to the person injured by the misappropriation; but such conduct does not invalidate his title to the property acquired under the sale by the trustee.

Submitted March 1, — Decided April 2, 1902.

Complaint for land.    Before Judge Evans.    Johnson superior court.    May 14, 1901.

*Vernon B. Robinson,* for plaintiff in error.

*James K. Hines, A. L. Hatcher,* and *J. L. Kent,* contra.

COBB, J.   Hettie Tapley, as next friend of her four minor children, brought an action against L. K. Tapley to recover a described parcel of land.   The petition was amended by striking the name of one of the children, and alleging that the remaining three children claimed title to only fifteen sixteenths of the land described in the original petition.   The trial resulted in a verdict in favor of the plaintiffs, and the defendant complains that the court erred in refusing to grant him a new trial.   It appears from the evidence that G. W. Tapley, the grandfather of the plaintiffs, conveyed to their father, R. L. Tapley, the premises in dispute, the consideration of the deed being stated to be the love and affection which he bore to the children of R. L. Tapley.   The deed contained the following clause: "And . . I, the said G. W. Tapley, do give my son, R. L. Tapley, the full right to sell said tract of land for the benefit of his children, together with all and singular the rights, members, and appurtenances to the same in any manner belonging." The defendant claimed under a deed from R. L. Tapley, which conveyed the land in controversy, and which recited that "The said R. L. Tapley sells the said tract of land for the benefit of his children." The deed from G. W. Tapley to R. L. Tapley was treated in the present case, by counsel on both sides, as a conveyance to the grantee of the land therein described, in trust for his children, with power to sell the same and use the proceeds for their benefit, whenever he deemed best.  The theory of the plaintiffs was, that the sale from R. L. Tapley to the defendant, as well as the deed made in pursuance thereof, was void, for the reason that the sale was made by R. L. Tapley for the purpose of using the proceeds thereof for his own benefit; that they were so used; and that the defendant had full knowledge of this purpose and knowingly and intentionally aided R. L. Tapley in the misappropriation of the proceeds.

After a careful examination of the brief of the evidence, we can find nothing therein that would authorize a finding that the defendant knew at the time he purchased that R. L. Tapley intended to use the proceeds of the sale for his own benefit.   On the other hand, the evidence, when taken as a whole, rather supports the conclusion that the sale was made in perfect good faith, both as to the trustee and the purchaser.   There was evidence from which a jury could

find that the defendant, some time after the sale, had actively aided the trustee in a misapplication of the purchase-money notes, but there is nothing to show that this subsequent misappropriation of the purchase-money notes was the result of any arrangement between the defendant and the trustee, made at the time of or prior to the sale. The sale seems to have been made on credit; the price was agreed on, the deed was executed, a portion of the purchase-money was paid, and notes were signed and delivered for the balance. So far as the evidence shows, all this was done without any notice whatever on the part of the defendant that R. L. Tapley was selling for the purpose of defrauding his children by using the proceeds for his own benefit. Under such circumstances, the defendant would acquire title to the property, and nothing afterwards done by him or R. L. Tapley would defeat the title thus acquired. If the defendant, subsequently to the time that the sale was made, knowingly aided R. L. Tapley in a misappropriation of the purchase-money notes, or the proceeds of the same, he would be liable to the person injured by the misappropriation. Civil Code, § 3200. But this misappropriation would not invalidate the sale, unless it was shown to be the result of an arrangement made before the sale was completed, or that the defendant knew that the sale was made for that purpose. The evidence did not authorize the verdict, and the court erred in not granting a new trial.

The motion for a new trial contains several assignments of error on the admission of evidence and charges of the court, but none of the questions thus raised will probably arise on another trial. There was no error in allowing the plaintiffs to amend their abstract of title. See, in this connection, *Camp* v. *Smith*, 61 *Ga.* 449 ; *Hickson* v. *Bryan*, 75 *Ga.* 392; *Bowe* v. *Gress Lumber Co.*, 86 *Ga.* 17. While it was ruled in *Carter* v. *Greer*, 72 *Ga.* 897, that the plaintiff in an action to recover land was confined to the title set forth in his abstract, we know of no rule which prevents a plaintiff from amending his abstract so as to show that he had title to the premises sued for at the time suit was brought. There was no error in allowing the plaintiffs to strike one of their number from the cause and leave the suit to proceed in the name of the remaining plaintiffs suing for an undivided interest in the premises described in the original petition.

*Judgment reversed. All the Justices concurring, except Little and Lewis, JJ., absent.*