### 7385. IRVIN *v.* BENTLEY.

HODGES, J. 1. Under the statute of limitations, actions for "injuries done to the person" may be brought within two years after the right of action accrues; actions for "injuries to the reputation" must be brought within one year. Civil Code, § 4497.

2. This is a case affecting the reputation of the plaintiff; and, the time of the alleged libelous communication being on or about March 8, 1914, and the writ being filed on September 30, 1915, the action is barred.

3. In cases of this character the right of action accrues to the plaintiff on the doing of the act by which the reputation is injured; and the fact that the plaintiff was ignorant of the act does not toll the statute. "Mere ignorance of the existence of the facts constituting a cause of action does not prevent the running of the statute of limitations." *Davis* v. *Boyett,* 120 *Ga.* 649 (48 S. E. 185, 66 L. R. A. 258, 102 Am. St. R. 118, 1 Ann. Cas. 386) ; 25 Cyc. 432.

4. The allegations of fraud in this case are insufficient to toll the statute. It is not alleged that if usual and reasonable diligence had been exercised, the alleged fraud could not have been discovered; nor that the defendant (an attorney who had received claims against the plaintiff, for collection) was under any obligation to disclose to him anything that the defendant had done affecting the rights of the defendant's clients. No allegation in the petition as amended shows any fraudulent concealment; and, the suit being based upon the libel, and not upon the alleged fraud, the allegations are insufficient.

5. The trial judge erred in not sustaining the demurrer.

*Judgment reversed.*

DECIDED OCTOBER 18, 1916.

Action for damages; from city court of Washington—Judge Wynne. March 6, 1916.

The action was filed September 30, 1915. According to the allegations of the plaintiff's petition, the defendant received for collection, as an attorney at law, in the year 1913, certain claims,

amounting to $1,175.83, against the plaintiff, a merchant, and the plaintiff paid to him $790.25 in part payment of these claims, up to March 6, 1914, under an agreement with the defendant that on payment of that sum the defendant would remit it to the creditors and allow the plaintiff further time to secure and pay the remainder of the indebtedness. It is alleged, that on or about March 8, 1914, the defendant, without the knowledge or consent of the plaintiff, and while in possession of the money collected from him, wrote to a named mercantile agency, from whom the defendant had received some of these claims for collection, that the plaintiff had offered a settlement of 66-2/3 cents on the dollar, and that this settlement must be put through by the creditors of the plaintiff by March 11, and, unless some kind of settlement was made at once, a receiver would have to be appointed to take charge of the plaintiff's affairs. It is alleged that this communication was false, malicious, and libelous, and was intended to and did injure and damage the plaintiff in the sum of $15,000, in his business and character as a merchant and as an honest, upright citizen. The statement contained in the said communication was made for the fraudulent purpose of keeping about $541.37 out of the money collected from the plaintiff on the said claims, and to conceal the fact that the defendant had collected more than enough cash to pay 66-2/3 cents on each dollar of the claims and had the balance of said claims in perfectly solvent condition, and that the said balance would be paid by the plaintiff. Within thirty days after the date of the said libelous matter, the plaintiff paid the defendant $200, and in the following November $35, on said claims, and on December 4, 1914, gave his note, with security, for the balance, $200, and this note was collected by the defendant. The defendant, in pursuance of his wrongful, malicious, and libelous scheme and intent to injure plaintiff, without plaintiff's knowledge or consent and against his desire, wrongfully settled all the said claims by paying 66-2/3 per cent. thereof as a settlement in full, during March, 1914, and after the said libelous communication. The defendant purposely concealed the compromise and settlement from the plaintiff, so that the plaintiff should pay over to him the 33-1/3 cents on the dollar, amounting to $541.37, and damaged him by making his creditors believe he had compromised his debts to their loss, thereby damaging his character as a merchant and as

a citizen, and damaging his trade and business. The plaintiff, not knowing that his debts had been compromised by the defendant, went on paying the said claims in good faith to the defendant, and, after the compromise had been secretly effected by the defendant, he paid over to the defendant $425, to be credited on the said claims, which the plaintiff then believed to be outstanding against him. Until June, 1915, the plaintiff did not know his said debts had been compromised by the defendant, and then he discovered the fact of the compromise when he placed an order for goods with a certain firm (named), whose claim against him the defendant held for collection and compromised as aforesaid, and the said order was "turned down" by the said firm, who assigned as their reason therefor that the plaintiff had forced them to accept two thirds of their claim as a full settlement. The plaintiff's want of knowledge of the compromise of his indebtedness before the date alleged was brought about by the fraudulent practices of the defendant, done with intent to keep him in ignorance of the true status of the settlement, and in furtherance of the defendant's scheme to retain the $541.37 aforesaid. Certain other creditors (named) refused the plaintiff credit after March 12, 1914, because their claims had been settled at the rate of 66-2/3 cents on the dollar, they believing the settlement had been authorized by him. He did not know of this compromise until June, 1915, and had no reason to suspect it, and for this reason could not explain the refusal of his creditors to ship as ordered by him, or why his credit was injured. He was in a great measure dependent on the said creditors for goods to carry on his business, and when they refused him credit he was forced to open credit with others, and, as a blacklisted merchant, he failed to obtain credit with others. It is alleged that the defendant is indebted to the plaintiff in the sum of $15,000 in damages on account of the wrongs and injuries set forth.

By amendment it is alleged that the defendant wilfully, fraudulently, and artfully concealed from the plaintiff that he had written the communication referred to above, and that he had compromised the plaintiff's debts, for the further purpose of keeping the plaintiff in ignorance of his cause of action against the defendant, growing out of the said libelous communication; that the defendant effected such concealment of the false proposals of settle-

ment by privately writing the plaintiff's creditors, by failing to communicate to the plaintiff the fact that such letters had been written, and by fraudulently accepting payment in full of his indebtedness after the letters had been written; that the defendant purposely, and with intent to defraud the plaintiff, and for the purpose of concealing from him the false proposals of settlement, accepted payments on his indebtedness over an amount required to pay 66-2/3 per cent. of it, without communicating to him the fact of having written the letters containing the false proposals of settlement, when the defendant was aware that the plaintiff did not know, nor could reasonably be expected to know, by reason of such letters having been privately written, that such false proposals had been made; thereby inducing him to believe his creditors required payment in full of his indebtedness; that to further effect the concealment of such false proposals of settlement, the defendant represented to the plaintiff that he was collecting payment in full of the plaintiff's indebtedness as attorney for the plaintiff's creditors, and that the said creditors were demanding and receiving payment in full of the amounts due them; thereby fraudulently keeping him in ignorance of the said false proposals.

The defendant demurred on the grounds, among others, that no cause of action was set out in the petition; that the action was barred by the statute of limitations; that the allegations as to concealment of the cause of action did not show what was said or done by the defendant; and that it was not sufficiently set forth how the defendant deterred the plaintiff from knowing, nor why he could not in the exercise of ordinary diligence have discovered his alleged cause of action. The demurrer was overruled, and the defendant excepted.

*Samuel H. Sibley, Fred. W. Gilbert,* for plaintiff in error, cited: *Brown* v. *Holton,* 109 *Ga.* 431; Civil Code (1910), § 4497; 25 Cyc. 432; *Davis* v. *Boyett,* 120 *Ga.* 649; Civil Code, § 4380; *Anderson* v. *Foster,* 112 *Ga.* 270; *Maxwell* v. *Walsh,* 117 *Ga.* 467; *Sutton* v. *Dye,* 60 *Ga.* 449; *Freeman* v. *Craver,* 56 *Ga.* 161; *Marler* v. *Simmons,* 81 *Ga.* 611, 613; *Short* v. *Mathis,* 107 *Ga.* 807; *Crawford* v. *Crawford,* 134 *Ga.* 114 (3); *Small* v. *Cohen,* 102 *Ga.* 248. Cases distinguished: *Kirkley* v. *Sharp,* 98 *Ga.* 488; *Hickson* v. *Bryan,* 75 *Ga.* 392; *Persons* v. *Jones,* 12 *Ga.* 371.

*Worley A. Nall,* contra, cited: *Brown* v. *Holton,* 109 *Ga.* 431;

*Kirkley* v. *Sharp,* 98 *Ga.* 484 (1); *Persons* v. *Jones,* 12 *Ga.* 371 (3); *Hickson* v. *Bryan,* 75 *Ga.* 392 (3); *Benton* v. *Singleton,* 114 *Ga.* 548; *Tompkins* v. *Female College,* 30 *Ga.* 485; *Hobby* v. *Alford,* 73 *Ga.* 791; *Shipp* v. *Gibbs,* 88 *Ga.* 184; *Small* v. *Cohen,* 102 *Ga.* 248.