## DAVIS *v.* FREEMAN *et al.*

Under the allegations of the petition the plaintiff had no such right or interest in the property she sought to recover as entitled her to the relief prayed for; and the court did not err in dismissing the petition on demurrer.

No. 502.    MAY 16, 1918.

Equitable petition.    Before Judge Worrill.    Early superior court. June 25, 1917.

Mrs. Mollie C. Davis filed her petition against J. T. Freeman and others, and prayed that a certain deed from the plaintiff to the defendants be canceled, and that she recover possession of the land conveyed by the deed, etc.    The petition alleged, in substance, as follows:    On August 13, 1891, and previously to that time, the town of Blakely was in need of a site upon which to erect a school building for the white children of the town.    Certain citizens of the town approached the plaintiff for the purpose of acquiring the title to the property described in the deed, and offered to pay her the sum of $500 therefor.    Plaintiff advised the parties that she had been offered $1,000 for the property and that she would not sell for $500, but that if they would pay her $500 she would contribute the other $500 necessary to make up the full purchase-price of the land, with the understanding that she would convey the property to the persons then occupying the position of mayor and council of the town of Blakely and to their successors, as trustees, to be used for "a school lot for white children of the town of Blakely," and would give to the named trustees the right to sell the site for the purpose of reinvesting the proceeds thereof in another site upon which to erect a school "for the white children of the town of Blakely," to which agreement the citizens making up the $500 agreed.    On August 13, 1891, the plaintiff did execute and deliver to J. F. Jones, mayor of the town of Blakely, G. D. Oliver, George E. Chipstead, J. H. Hand, J. W. Strickland, and W. H. Robinson, composing the town council, and to their successors in office, her warranty deed, conveying to them a vacant lot in the town of Blakely, for the expressed consideration of $500 paid to her by some of the citizens of the town, and containing the following recitals and stipulations, to wit:    (a)  That the deed was made to the trustees "by the direction of the citizens aforesaid."    (b)  That the lot was conveyed to the grantees "for-

ever, in fee simple, for a school lot for the white children of the
town of Blakely." (*c*) That the grantees were by authority of
the deed vested "with the right to sell the same at any time, and
reinvest the money in like uses." A copy of the deed was at-
tached to the petition. At the time the deed was executed the
town of Blakely was a duly chartered municipal corporation, but
was wholly without charter power to maintain a public school, or
to levy taxes for school purposes; and the deed was made to the
persons named as grantees in their individual capacity as private
school trustees; the description of them in the deed in their official
capacity as members of the town council having the legal effect,
as intended, merely of providing for their successors in office to
the trust thereby created. The children of the town were at that
time sorely in need of educational advantages. The trustees so
appointed were without financial means with which to erect a
school building and conduct a private school, and in this extremity
the citizens of Blakely (under what authority plaintiff does not
know) held an election for the purpose of authorizing the munici-
pal officers to issue bonds to the amount of $5,000 to defray the
expenses of erecting a school building to be known as the Blakely
Institute or the Blakely Academy; such bonds being thereafter
issued and floated by the town authorities under and by virtue of
the election. Such building was erected under the supervision of
the town authorities, with funds raised as above alleged, upon the
lot of land described in the deed. The town authorities (being
the same in personnel as the grantees designated in the deed) as-
sumed jurisdiction over the premises, and appointed a board of
five trustees to conduct a public school for the benefit of the chil-
dren of Blakely. The town authorities finally recognized that the
municipality represented by them was without corporate authority
to maintain or conduct a municipal public school or to levy taxes
for such purposes; and accordingly the school was operated in con-
nection with the county school system, being supported mainly,
if not entirely, with funds received from the State and by it dis-
tributed for county school purposes. Under the act approved De-
cember 18, 1900, incorporating the City of Blakely in lieu of the
town of Blakely, the city was authorized to establish and maintain
a municipal public school system to be under the control of a
board of five members known as the city board of education, and

to be no longer under the management and control of the county board of education of Early County. The act of 1900, supra, provided that "The city council of Blakely shall deed to the board of education the property on which the Blakely Institute is located, and they shall hold it for said city for the purposes of the white school," but your petitioner respectfully submits and contends that the school site conveyed by the deed from her was private trust property, to which neither the town of Blakely nor the City of Blakely was acquiring title, and it was beyond the legislative power of the General Assembly to give such direction, or to affect the title to the lot residing in the grantees named in the deed as private school trustees and their successors in office. The authorities of Blakely, in erecting Blakely Institute upon the private school site, merely became licensees at most; and the county authorities, which subsequently operated a school in the building, never at any time occupied any better position relative to any claim of ownership of the lot of land. The board of education were in control of the premises as mere licensees, by reason of the valuable improvements placed thereon by the town authorities of Blakely, without either the expressed or implied assent of the private school trustees named in the deed. It was not within the power of the trustees named in the deed or their successors to donate the valuable school site to any person, or to do more than sell the land for the bona fide purpose of reinvestment in a school site "for the white children of the town of Blakely." In the year 1912 the City of Blakely issued bonds, the proceeds of which were to be used in the erection of a school building in the City of Blakely; and the board of education of the city, having the power to select a school site and to erect a school building, entered into negotiations with the heirs of the Wade estate for the purpose of acquiring a site upon which to erect said new school building, which said negotiations resulted in a conveyance by the heirs of the Wade estate to the board of education of the town of Blakely, wherein it was recited that, for a consideration of $.... the grantors conveyed the property therein described to the board of education to be used for school purposes, with the provision incorporated in the deed that when the property ceased to be used for school purposes it should revert to the grantor. On September 8, 1913, after the school had been practically completed, G. D. Oliver and others,

holding the offices of mayor and councilmen of the City of Blakely, successors of the legal trustees named and appointed in the deed, filed their petition to the superior court, praying that the title to the premises described in the deed be decreed to be in them for the purposes mentioned in the deed, and for the right to sell the same and reinvest the proceeds in the completion of the new building then in the course of erection on the new school site. The City of Blakely and C. S. Middleton and others, members of the board of education of the City of Blakely, were named as defendants in the petition, and filed their several answers, which were attached. But plaintiff (Mrs. Mollie C. Davis) was not named as a defendant, had no notice thereof, and was in no manner a party to the proceeding, which culminated in a decree wherein it was adjudicated: (*a*) That plaintiff's deed was a trust deed executed by her to the persons named in their individual capacity as private trustees nominated in the deed, and not into them in their official capacity. (*b*) That the plaintiffs in that suit were the duly constituted and authorized successors in trust to the original trustees named in the plaintiff's deed, and that legal title to the school site resided in them as trustees, and not in their official capacity. (*c*) That J. T. Freeman be appointed commissioner by the court to sell the site, etc. Pursuant to the power conferred upon him in the security deed, and in the manner provided therein, J. T. Freeman, acting in his capacity as commissioner (upon a date unknown to plaintiff, which she is unable to allege by reason of the fact that the deed evidencing the conveyance has never been recorded, but plaintiff alleges the date to have been on or about October 17, 1913), sold and conveyed the land described in plaintiff's deed to A. D. Harris and nine others. These parties are residents of Early county and are named as defendants.

On October 17, 1913, the persons named as defendants to this petition, for the purpose of acquiring the money necessary to pay the commissioner for the school site, procured a loan from the First National Bank of Blakely, and to secure the same executed and delivered to the bank a security deed on the property, wherein a power of sale was granted, conferring the right to sell the property described in the security deed for the purpose of paying the note given to evidence the loan, in case the note was not paid at maturity. The bank is also named as defendant. Pursuant to

the terms of the security deed the property was advertised in accordance with the terms of the power contained in the security deed, by J. S. Sherman, the president of the bank, and on December 22, 1916, the property was sold by the president of the bank, and W. G. Park on behalf of himself and a number of other named persons bid in the property for $3,000, and on the same date a deed was made to Park and others, under and by virtue of the power contained in the deed. The purchasers at the sale of the land claim title thereto. The property was sold by virtue of the decree of the court, not for the purpose of reinvesting the proceeds in "like uses," that is to say, in a school lot for the "white children of the town of Blakely," but for the purpose of using the proceeds in the completion and equipment of the new school building in process of erection upon another site, to which the school authorities had a mere conditional right to use as a school lot for the benefit of the "white children of Blakely." Upon the erection of the new school building, which was erected with funds realized from the sale of bonds legally issued by the City of Blakely, on a site different from that conveyed in petitioner's deed, the property described in petitioner's deed was abandoned, and has ever since up to the time of filing this petition continued to be abandoned as a school site for the "white children of the town of Blakely;" and it can now no longer be used for that purpose; and the purposes for which the trust was created have wholly and totally failed: (a) For that the successors of the trustees named in the deed are wholly without any trust funds with which to undertake to carry out the purposes of the trust deed, as was the intention in this respect of the parties to the deed; that since the passage of the act providing for a free public school system for the City of Blakely, the cestuis que trust designated in the deed, that is the children of the town of Blakely, have been fully provided for in the way of receiving educational advantages, and will doubtless be likewise provided for in the future; that in consequence the purpose for the creation of the trust no longer exists, at least so far as providing a private school is concerned; that such a school, even if the trustees had the funds or moneys with which to maintain the same, could only operate in opposition to, or in competition with, the school now maintained by the city, and would be a vain and useless attempt to carry into fulfillment the

object of the trust. (*b*) For that a school authorized by the charter of the City of Blakely, and maintained by a fund received from the State, and by a school tax levied on taxable property of the City of Blakely, is now. being conducted in the new school building erected on the new site, for the benefit of the white children of the City of Blakely, and to which, under the law of Georgia, the parents of such children are compelled to send the children.

Wherefore plaintiff prayed: (1) That a failure of the purposes of the trust created in plaintiff's deed (copy of which was attached to the petition) be declared. (2) That the title to the property described in plaintiff's deed be decreed in her as fully and completely as though plaintiff had never made it. (3) That the proceedings looking to the sale of the property for reinvestment be decreed not to be binding on the plaintiff; and that the same, in so far as the right to sell the property for the purpose of reinvestment is concerned, and as to the construction of plaintiff's deed, be decreed to be null and void. (4) That the deed from J. T. Freeman, in his capacity as commissioner of the court, to the parties named in the petition be decreed to be void, and that the same be ordered delivered up and canceled as a cloud on petitioner's title. (5) That the security deed executed and delivered by the persons named in the petition be likewise decreed null and void and ordered delivered up and canceled; and that the deed made pursuant to the power contained in the security deed be likewise decreed to be void and ordered delivered up and canceled. (6) That the court decree that the plaintiff is entitled to the possession of the property, and that the court pass such other orders as are necessary to insure to plaintiff the possession thereof, and grant her general relief. A demurrer to the petition was sustained, and the plaintiff excepted.

*L. M. Rambo,* for plaintiff. *C. L. Glessner,* for defendants.

HILL, J. The facts of the case are set out at length in the foregoing statement. Without deciding the character of the estate conveyed by the deed from the plaintiff to the grantees, or the question of whether the plaintiff has been guilty of such lachæ as will prevent a recovery by her, we are of the opinion that under the facts as disclosed by the record the plaintiff has no such right or interest in the property sought to be recovered by her as would entitle her to the relief sought in the petition. Under the allega-

tions of the petition the deed from the plaintiff to the grantees contained a power of sale, the proceeds to be reinvested in "like uses." This power was exercised, and the purchasers at the sale were such bona fide, and for value. This being so, the purchasers are not bound to see that the reinvestment of the money is properly made. Such purchaser will be protected. *Johnson* v. *Sirmans,* 69 *Ga.* 617 (3); *Schley* v. *Brown,* 70 *Ga.* 64 (3 a); *Tapley* v. *Tapley,* 115 *Ga.* 109 (41 S. E. 235), cited with approval in *Ray* v. *Union Savings Bank,* 136 *Ga.* 745 (72 S. E. 26).

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*