Grimke, J.
From the statement of the case it is evident that *472 the cause of action accrued on the receipt of the money. In such a case it is not sufficient in order to avoid the effect of the statute, to aver that the party was ignorant of the fact that he had a 'cause of action. The plea of the statute goes to the existence of the cause of action, and not to the knowledge of it. This, although it is a sort of elementary principle, and has its foundation in necessity and convenience, has been sometimes questioned, but I am not aware that it has ever been shaken. The case of Grange v. George, 5 B. & C. 149, is one of the last in which the point has been made. It was an action of trover. The conversion had taken place more than six years before the commencement of the suit. The plaintiff attempted to avoid the bar of the statute, by replying that the fact of the conversion did not come to his knowledge till within six years. But it was held, notwithstand472] ing that the statute *was a bar, and that the circumstances which were set out in the plea were entirely foreign to the issue.
The replication in the present case, however, goes further. It attempts to show a fraudulent concealment on the part of the defendant. Can a plea of the statute, then, be avoided by replying that the cause of action had been fraudulently concealed by the defendant. This is a question about which there has been a great diversity of opinion. Mr. Ohitty, in his late treatise on Contracts, page 313, remarks that it does not appear to be settled whether fraud in the defendant prevents or suspends the operation of the statute. But he confesses that there would be great difficulty at law in setting up even an undiscovered fraud as an excuse for not commencing an action. Nor has he been able to find a single case where it has been held that it may be done. The groat diversity in the cases is to be found in this country, and that is attributable in a great measure to the circumstance that in many of the states there is no court of chancery. Where there is no tribunal to administer equitable relief, a court of law is very apt to adapt its own rules to the system of equity jurisprudence.
I shall not stop to inquire whether the replication in form is sufficient. Chitty, after remarking that it had been suggested that fraud would prevent the running of the statute, says, “ at all events, if in assumpsit the statute be pleaded, and fraud undiscovered within six years be relied on, the general replication and the fraud should be specially replied.” The determination of the principal question in the case renders it unnecessary to notice *473 this point. One of the earliest American cases in which this doctrine of fraud has been considered, is that of the Turnpike Co. v. Field, 3 Mass. 201. It was there held that a fraudulent concealment by the defendant, that a cause of action has accrued to the plaintiff, is a good replication to a plea of the statute of limitations. The replication stated that the defendant fraudulently concealed the bad foundation of a road he had engaged to make, the unsuitable materials, and the unfaithful execution of the work by covering the same with earth, and smoothing the surface, so that it appeared to the *plaintiffs that the contract had [473 been truly complied with. There is no court of chancery in Massachusetts, and the only authorities which are referred to, are the South Sea Co. v. Wymondell, 3 P. Wms. 143; and Breo v. Holbeck, Doug. 654. The last was a case in a court of law, but the point was not decided. It is only said, by way of argument, that there may be cases which fraud will take out of the statute of limitations. The authority of this case has, however, been recognized in Homer v. Fish, 1 Pick. 435; Sherwood v. Sutton, 5 Mason, 143 ; and Bishop v. Little, 3 Greenl. 405.
A totally different view of the law is taken in Miles v. Berry, 1 Hill. The principle of the decision which had been made in the previous case of Harrel v. Kelly, 2 McCord, 426, is reluctantly admitted, although the two cases arc very distinguishable from each Other. In the last, fraud constituted the foundation of the action; the suit was brought upon the fraud, but in Miles v. Berry, it was on the note. The evidence showed that the defendant had fraudulently obtained possession of it, and concealed that fact till the statute of limitations bad run out. In reply to a plea of th® statute, it was contended that this fraudulent conduct prevented the running of the statute. But the court, true to the principles which are administered in a cour.t of law, held otherwise. It was said that if the plaintiff’s action was predicated upon the defendant’s fraud, as in action on the case for fraudulently obtaining possession of,a note, or an action of trover for its recovery, it might then be urged that the statute would not run. Admitting that this distinction is well founded between those actions which are founded upon the fraud and those which are not, though I confess I am by no means satisfied with it, the authority of Harrel v. Kelly will still stand, while Miles v. Berry is a direct and decisive determination against the validity of the replication in the present *474, 475 case. Id South Carolina there is a court of chancery, and as I before remarked, the decisions in the different states vary very much according to the constitution of their tribunals.
Collins v. Waddy, 2 Munf. 511, and Cook v. Darby, 2 Munf. 444, 474] enforced the same doctrine. The last was an action *against a common carrier for fraudulently taking articles from the packages intrusted to him to carry. To a ploa of the statute, it was replied that the plaintiff had no knowledge of the fraud till within the time limited, but the court held the action barred. In this case, too, it must be remembered the action was founded upon the fraud. This case then goes further than that of Miles v. Berry, though not further I am convinced than the'courts of South Carolina would go if the case of Harrel v. Kelly were not in the way. Yirginia, however, as well as South Carolina, had a court of chancery, at least when these two cases in Munford were decided. On the other hand, in Jones v. Conway, 4 Yates, 109, and in 12 Serg. & Rawle, 128, the courts of that state appear to be disposed to administer equitable relief.
The most luminous and best considered case to be found in all the books, is undoubtedly that of Troup v. Smith, 20 Johns. 33. It was there held in an action of assumpsit for negligence and unfaithfulness in the performance of work, that the plaintiff, in answer to a plea of the statute, can not reply a fraudulent concealment'of the badness of the work, in consequence of which the plaintiff did not discover the fraud until within six years. The distinction between the proper jurisdiction of courts of chancery and courts of law was stated and unanswerably enforced.
The reason why a party may avail himself of the fraud in the former courts is well explained by Lord Redesdale, 2 Sch. & Lef. 634. Although the statute, he says, does not in terms apply to suits in equity, it has been adopted there in analogy to the rules of law. And the reason which he gives why, if the fraud has been concealed by the one party until it has been discovered by the other, it shall not operate as a bar, is, that the statute ought not in conscience to run, the conscience of the party being so affected that he ought not to be allowed to avail himself of the length of time. But in a court of law the statute must necessarily receive a strict construction. That court can not introduce an exception to the statute which the legislature have not authorized. In Evans v. Bick 475] nell, 6 Ves. 174, Lord Eldon, in noticing the position of *476 some of the common law judges in Paisley v. Freeman, that if there was relief in equity, there ought to bo relief at law, observes, that it was a proposition excessively questionable, and that it could only have been made from not adverting to the constitution and doctrine of a court of chancery. I agree with the opinion in Troup v. Smith, that as the statute declares that certain actions shall be commenced within a limited period, the courts of law possess no dispensing power whatever. The law of Ohio, like that of New York, contains'a saving in favor of infants, feme coverts, non residents, and persons non compos, but it does not make fraud one of the exceptions. The true inquiry, therefore^ at law, is, when did the cause of action arise, and not when did knowledge of that fact come to the plaintiff, or by what circumstances was he prevented from obtaining the information ? These are questions which may be properly addressed to a court of chancery, but of which a court of law is bound to have no knowledge. Troup v. Smith was also decided in a state which has a court of chancery, and the bounds of the jurisdiction of the other court are therefore preserved.
Whatever may be thought of the propriety of having two tribunals administering a totally different law, yet so long as they exist, every motive of convenience and justice concur in securing to each its appropriate functions. They may be no other use in this arrangement than what arises from the great principle of the division of labor, in consequence of which all human exertion, whether it be of the mind or of the body, is sure to be more vigorous and successful. When the rules of equity law were first introduced, they wore only scattered exceptions to the general system of jurisprudence. They did not themselves constitute a system. They gained ground only occasionally, and by piece-meal. But at the present day equity law is as regular a scheme of jurisprudence, and proceeds upon rules as completely settled, as those which are dispensed by the common law courts. To confound the distinction between the two tribunals now, would be not merely to invade a solitary and occasional exception to a rule, but to *over[478 turn a whole system, and for that reason, to introduce the greatest injustice into the administration of the laws.† Demurrer sustained

The act of limitations begins to run from -the time of the injury and not from the time of damage or discovery of the injury. Kerns v. Schoonmaker, 4 Ohio, 331.