CASE 36—PETITION ORDINARY—FEBRUARY 9.

# Hancock vs. Wilhoite.

**APPEAL FROM OWEN CIRCUIT COURT.**

1. In action by a father for the loss of his daughter's services, in consequence of her seduction, the limitation began to run when the loss accrued, i. e., from the birth of the child—not from the act of seduction.

2. The 2d section of chapter 1, of the Revised Statutes, provides only a cumulative remedy, and the father may still maintain an action for the loss of service only.

G. W. CRADDOCK, for appellant, cited *Rev. Stat.*, 63 ; 3 *Bouv.*, 650 ; 4 *Bouv.*, *sec.* 3624 ; 2 *Saund. Pl. & Ev.*, 785 ; 9 *Johns.*, 387 ; 2 *Greenl.*, *sec.* 433 ; 5 *Cowen*, 106.

T. N. LINDSEY, for appellee, cited *Civil Code*, *sec.* 143.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT.

The sole question presented for our revision in this case is, whether the circuit court erred in instructing the jury to find for the defendant, on the statute of limitations pleaded in an action on the case brought by the appellant against the appellee, for the loss of the services of the plaintiff's daughter, Nancy, resulting from her impregnation and the birth of a child, in consequence of the appellee's wrongful seduction and illicit intercourse.

Although the 2d section of chapter 1, Stanton's Revision, page 179, might be interpreted to authorize a father to maintain an action for the seduction of his daughter, without either proof or allegation of any loss of service, yet we are satisfied that this is only a cumulative or alternative remedy ; and that, consequently, an action, as in this case, may be main-

tained for the loss of service only, for which alone, antecedent-
ly to this statute, the father had any cause of action, and in
which no damages could be recovered for mere seduction.

In an action for seduction, the limitation begins to run from
the act of seduction; but, in an action for the mere loss of
service, it does not commence until the loss has accrued—just
as in slander, in which class of cases it has often been ad-
judged, and seems also self-evident, that, as the cause of action
for words, *per se* actionable, commences with the publication,
yet it does not exist for special damage, resulting from words
not actionable in themselves, until such damage shall have
accrued.

There is no proof of any loss of service in this case until
the accouchment; and that was less than a year before the
institution of this suit.

Wherefore, the judgment is reversed, and the cause remand-
ed for a new trial.