### DAVIS *v.* BOYETT.

1. A defendant may avail himself of the defense of the statute of limitations, at the trial term of the case, by a motion to dismiss the plaintiff's petition, when from its allegations the cause of action appears to be barred by the statute.

2. Mere ignorance of the existence of the facts constituting a cause of action does not prevent the running of the statute of limitations.

3. A father's cause of action for the seduction of his daughter arises when the act of seduction is complete, and not when he discovers that his daughter has been seduced.

Submitted June 23, — Decided July 13, 1904.

Action for damages. Before Judge Mitchell. Berrien superior court. October term, 1903.

*Hendricks & Harrison* and *H. B. Peeples*, for plaintiff, cited Civil Code, §§ 2925, 3785, 3900, 5362; *Ga. R.* 4/308; 12/371; 30/873; 35/40; 57/144, 484 (2); 60/486; 67/606; 75/393 (3); 76/422 (9); 86/503; 88/252 (1); 89/349; 92/282, 664, 706 (1); 93/321 (2), 723 (1); 94/435; 98/484, 518; 101/485; 107/807 (2); 109/172; 113/182; 1 Enc. Pl. & Pr. 492 (1).

*Alexander & Gary* and *Buie & Knight*, for defendant, cited Civil Code, §§ 3900, 3779 et seq.; 113 *Ga.* 987–94; Clark on Contracts, 708–9.

FISH, P. J.    On September 24, 1901, the plaintiff brought an action for the seduction of his minor daughter, against the defendant. From the allegations of the original petition, it appeared that the seduction occurred either upon the second day of June, 1899, or within one week from that date. At the trial term, the defendant moved to dismiss the suit, upon the ground that the petition showed that it was barred by the statute of limitations. Pending this motion, the plaintiff, with leave of the court, amended his petition by alleging that "the act of seduction committed on the 2nd day of June, 1899, did not come to his knowledge, and that he was not injured and damaged by said act as set forth in his petition, until the 15th day of April, 1900." The defendant renewed the motion to dismiss, upon the ground that the petition, as amended, still showed upon its face that the suit was barred by the statute. The court sustained the motion and dismissed the suit, and the plaintiff excepted.

1. It is contended here that even if the petition showed that the action was barred by the statute of limitations, the suit could not, at the trial term, be dismissed upon mere motion for this reason. It does not appear from the bill of exceptions that this point was raised in the court below. Besides, the question has been decided by this court adversely to the contention of the plaintiff in error. *Cleveland* v. *Walden*, 62 *Ga.* 163.

2. "An action by a father to recover damages for the seduction of his daughter is barred by the statute of limitations, unless brought within two years from the time the right of action accrued." *Hutcherson* v. *Durden*, 113 *Ga.* 987. It appeared from the petition that more than two years had elapsed after the time when the seduction was alleged to have been accomplished before the action was instituted; therefore, if the right of action accrued when the seduction took place, the bar of the statute had attached, unless the plaintiff was debarred or deterred from bringing his action by fraud on the part of the defendant. The plaintiff did not allege that he was debarred or deterred by the defendant from instituting his suit within the statutory period. He rested his case, so far as the statute of limitations was concerned, squarely upon the proposition that the statute of limitations would not begin to run until he had knowledge of the seduction; and that no cause of action arose in his favor until then. The principle that mere ignorance of the existence of the facts constituting a cause of action does not prevent the running of the statute of limitations is one of general recognition. *Crawford* v. *Gaulden*, 33 *Ga.* 173; Fee v. Fee, 10 Ohio St. 469; Granger v. George, 5 Barn. & Cress. 149; Means v. Jenkins, 18 Ill. App. (18 Bradw.) 41; Smith v. Bishop, 9 Vt. 607; Thomas v. White, 3 Litt. 177, 14 Am. Dec. 56; Thrower v. Cureton, 4 Strobh. Eq. 155, 53 Am. Dec. 660; Hoffman v. Parry, 23 Mo. App. 20; State v. Schaeffer, 12 Ib. 277; Hecht v. Slaney, 72 Cal. 363; Shreves v. Leonard, 56 Iowa 74; Miller v. Lesser, 71 Ib. 147; Conner v. Goodman, 104 Ill. 365; Lexington Life Ins. Co. v. Page, 17 B. Mon. 412; Wood v. Carpenter, 101 U. S. 135.

3. But it is contended that the cause of action in the present case did not arise until knowledge of his daughter's seduction was brought home to the father. Counsel for the plaintiff in error argue, with some plausibility, that, under the laws of this State, "the real gravamen of the action is the shame, mortification, humiliation, and sense of family dishonor and disgrace from which the plaintiff suffers," and that as he does not suffer from such feelings so long as he is in blissful ignorance of his daughter's loss of virtue, he has no cause of action until he discovers that she has been seduced. This makes the discovery of the seduction, and not the seduction itself, the cause of action. We can not

agree with this reasoning.　The father's *right* of action did not depend upon his knowledge of the great wrong which had been done him by the defendant.　He had a right of action before he discovered the facts out of which it arose.　Moreover, the harrowing feelings produced by his realization of the awful truth were not the only injury which he sustained from the ruthless invasion of the sanctity and purity of his home circle.　It appeared from his petition that his family consisted of his wife, himself, and other children besides this fifteen-year-old daughter; and the corruption of the morals and destruction of the virtue of this young member of his household, with whom he, his wife, and other children lived in daily and intimate association, was obliged to be a most grievous and irreparable injury to him, irrespective of his knowledge of her seduction.　Our Civil Code provides that, in suits of this character, the seduction is the gist of the action, and no loss of services need be alleged or proved.　§ 3870.　So, when the seduction was accomplished the right to bring an action therefor accrued. ·　It is well established that where the suit is for the seduction, and not for loss of services and expenses incurred in consequence of the seduction, the statute of limitations begins to run from the act of seduction.　But the courts have differed as to when the statute begins to run in cases where the loss of services is made the gravamen of the action.　It was held in a Virginia case, that where the only change in the common law made by the statute in reference to actions for seduction is to dispense with allegation and proof of loss of services, the plaintiff may still bring his action as at common law, making the loss of services the gravamen of the complaint, and if he does so, the limitation is from the loss of service, and not from the act of seduction.　Clem *v* Holmes, 33 Gratt. 722.　The Supreme Court of West Virginia even held that although the statute of that State dispensed with the necessity of alleging and proving loss of services, no other change was thereby made in the common law governing the action; and that it was still necessary to allege that the relation of master and servant existed between the plaintiff and his daughter, and, therefore, the father's right of action did not accrue until he lost or was deprived of the service of his daughter.　Riddle *v.* McGinnis, 22 W. Va. 253.　It was held in Kentucky that the statute of that State, interpreted to authorize a father to main-

tain an action for the seduction of his daughter, without either proof or allegation of loss of service, was only a cumulative remedy, and that an action could still be maintained for the loss of service only, and, in such a case, the statute of limitations did not begin to run until the loss accrued. But the judge delivering the opinion said that in an action for seduction the limitation begins to run from the act of seduction. Hancock v. Wilhoite, 62 Ky. (1 Duv.) 313. Later, when this same case was again before the court, the same ruling was made; and it was also then held that when the action was brought for the loss of services and expenses consequent upon the seduction, the father had the right also to recover for the injury to his feelings and his family's dishonor, although the suit was not brought until the period within which an action for the seduction alone could be brought had expired. Wilhoite v. Hancock, 68 Ky. (5 Bush) 567. On the other hand, in McKay v. Burley, 18 U. C. Q. B. 251, it was held that in an action by a brother for the seduction of his sister, where the principles of the common law were not interfered with by the statute applicable to a suit by a parent, and the evidence must establish the relation of master and servant, the statute of limitations began to run from the time of the seduction, and not from the birth of the child. Robinson, C. J., said: "We take it to be undeniable that the statute of limitations began to run from the time of the seduction; for the plaintiff could then have brought his action, and need not have waited until the child was born." So, the Supreme Court of Pennsylvania held: "Because, in trespass by a father for the seduction of his daughter, the cause of action is the seduction, and not the resulting lying-in expenses and support of the daughter, and the mental pain she may have sustained, the action is barred when six years [the statutory period] have elapsed after the seduction was accomplished." Dunlap v. Linton, 144 Pa. St. 335. In that case Mr. Justice Mitchell, after citing and quoting from other authorities, said: "But a case which seems to put the matter beyond further contention is Logan v. Murray, S. & R. 175. There the daughter was seduced during her father's lifetime, but was not confined until after his death, while living with and rendering service to her mother who was at the expense of the confinement. It was held that an action by the mother could not be maintained. 'What-

ever damage the mother might sustain,' said Duncan, J., ' arose from an act committed in the father's lifetime. The daughter was his servant. When the mother became, on her husband's death, the mistress of the house, the mischief was done; the daughter came into her service pregnant. If the alleged trespass gave her no cause of action, the consequence of the trespass could not. . .' This case is decisive that the cause of action is the seduction, and that no new cause of action arises from the subsequent results to the plaintiff." This conclusion was reached although there does not appear to have been any statute in Pennsylvania dispensing with allegation and proof of loss of services.

Some courts, while recognizing the rule that the limitation of the statute begins to run against an action for seduction from the time of the seduction, have held that seduction may be a continuous act, which is not completed with the first sexual intercourse, and that, in such a case, the statute will begin to run from the last, and not the first, act of sexual intercourse. This is the rule now established in Tennessee, although the Supreme Court of that State first held to the contrary. In Franklin *v.* McCorkle, 16 Lea, 609, it was held that, in an action for seduction, "the offense is complete and the cause of action accrues and the statute becomes operative thereon with the first act of sexual intercourse." Later, however, this case was overruled (one judge dissenting), and it was held that, in an action for seduction, "the averments that the acts constituting the wrong complained of were committed under a promise of marriage, and that such promise was continued and renewed from time to time to a period less than twelve months [the statutory limitation] before the bringing of the suit, saves the bar " of the statute. Davis *v.* Young, 90 Tenn. (6 Pickle) 303. This last case was approved and followed in Ferguson *v.* Moore, 98 Tenn. 342, where it was held: " The statute of limitations does not begin to run against the right to maintain an action for seduction under promise of marriage, so long as the man, by continuous acts, promises, and artifices, keeps up the illicit intercourse, as seduction is in such case a continuous act." So, in Indiana, it has been held that " When successive acts of intercourse are shown to have occurred under an engagement to marry, they may be regarded as constituting one wrong, consummated in the last act." Haymond *v.* Saucer, 84 Ind. 4. It will be seen

that none of these various cases, however much they may differ with each other in other respects, conflict with the rule that when the suit is primarily for the seduction, and not for loss of service, the statute of limitations begins to run when the act of seduction is complete. In the case with which we are dealing it is distinctly alleged, by the amendment to the petition, that the act of seduction was committed on the second day of June, 1899; and were it otherwise, we do not think we would feel disposed to follow the courts of Tennessee and Indiana in holding that the act of seduction may be continued after the female seduced has lost her virtue. We apprehend that it would be very difficult to apply such a principle to a criminal case in which the statute of limitations was pleaded to an indictment for seduction, so as to avoid the bar of the statute, upon the ground that the act of seduction had been continuously performed for a considerable length of time after the first act of sexual intercourse between the accused and his alleged victim. As our Civil Code provides that seduction is the gist of the action, gives a right of action whether it is followed by pregnancy or not, provides that the mother may bring the action if the father refuses to sue, and that no loss of service need be alleged or proved, it would seem that in any suit for damages consequent upon the seduction of a daughter the cause of action would accrue when the act of seduction was accomplished. But whether the old common-law action still survives in this State, or is superseded by the action for which our statute provides, it is apparent, we think, in the present case that the action was for the seduction, and not for loss of service consequent thereon. This being true, it is clear that the cause of action was barred by the statute of limitations, as more than two years had elapsed after the right of action accrued before the suit was instituted. Taking the allegations of the petition to be true, the case made by the plaintiff appeals very strongly to our sympathies and to our sense of right and justice; but the rule is well, and we think rightly, established that courts can not make exceptions to the statute of limitations, in favor of particular persons or special cases, or to meet the hardships resulting from its application to the facts of a given case. Besides, the plaintiff, according to his own showing, had more than thirteen months in which to bring his suit, after he discovered that his daughter had been

seduced by the defendant, which is longer than the time limited in some of our sister States in which to bring a suit of this character. *Judgment affirmed. All the Justices concur.*