*G. S. Johnston, Howell Cone,* contra.

_____

## 15221. BRYSON *v.* AVEN.

STEPHENS, J. 1. The relation of patient and physician is a confidential
one, and where, in curetting a womb, it becomes necessary, in order to
effect a successful result, to insert a pessary, a duty devolves upon the
physician to inform the patient within a reasonable time of the use of
the pessary, and direct her as to when it should be removed. A failure
so to inform the patient is a fraud upon her, and if injury result there-
from to the patient, a cause of action accrues at the time of the dis-
covery of the fraud, or when, by the exercise of due care the fraud might

have been discovered by her, and not from the date of the injury, or the date of the operation.

2. In such a case the operation and the insertion of the pessary was not an invasion of a right, and no cause of action could accrue until the discovery of the fraud and the resulting injury. This ruling is not in conflict with the decision in the case of *Davis* v. *Boyett*, 120 *Ga.* 649 (48 S. E. 185, 66 L. R. A. 258, 102 Am. St. R. 118, 1 Ann. Cas. 386), where there was an invasion of a right, and where there existed no confidential relationship between the parties. See Civil Code (1910), §§ 4114, 4624, 4627; *Persons* v. *Jones*, 12 *Ga.* 371 (1,2) (58 Am. D. 476); *Hoyle* v. *Jones*, 35 *Ga.* 40 (2) (89 Am. D. 273); *Backhouse v. Bonomi*, 9 H. L. Cas. 503; Angell on Actions (6th ed.), 183, 185.

3. Where in such a case suit was filed by the patient against the physician more than two years after the operation, but within only about three months after the discovery of the alleged fraud, and where it was alleged in the petition that an injury to the plaintiff, resulting in a miscarriage, on account of the failure of the physician to inform her of the presence of the pessary in the womb, and as to when it should be removed, a cause of action was set out, and the suit was not barred by the statute of limitations.

4. It was error to dismiss the petition.

5. In view of the above rulings it is unnecessary to pass upon the ruling of the trial court upon other grounds of demurrer, to which exceptions were taken.

　　　　*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

　　　　　　DECIDED SEPTEMBER 30, 1924.

Action for damages; from city court of Atlanta—Judge Reid. October 9, 1923.

Application for certiorari was made to the Supreme Court.

*Gilmer A. Jones, T. B. Higdon,* for plaintiff.

*Bryan & Middlebrooks,* for defendant.