21658. BARRETT v. JACKSON et al.

JENKINS, P. J. 1. "Actions for injuries done to the person shall be brought within two years after the right of action accrues." Civil Code (1910), § 4497. "Mere ignorance of the facts constituting a cause of action does not prevent the running of the statute of limitations." *Davis* v. *Boyett*, 120 *Ga.* 649 (2) (48 S. E. 185, 66 L. R. A. 258, 102 Am. St. R. 118, 1 Ann. Cas. 386) ; *Canady* v. *Flanders*, 151 *Ga.* 531, 533 (107 S. E. 533) ; *Irvin* v. *Bentley*, 18 *Ga. App.* 662 (90 S. E. 359).

2. The test to be applied in determining when the statute of limitations begins to run against an action sounding in tort is in whether the act causing the damage is in and of itself an invasion of some right of the plaintiff, and thus constitutes a legal injury and gives rise to a cause of action. If the act is of itself not unlawful in this sense, and a recovery is sought only on account of damage subsequently accruing from and consequent upon the act, the cause of action accrues and the statute begins to run only when the damage is sustained; but if the act causing such subsequent damage is of itself unlawful in the sense that it constitutes a legal injury to the plaintiff, and is thus a completed wrong, the cause of action accrues and the statute begins to run from the time the act is committed, however slight the actual damage then may be. 37 C. J. 880, § 248; 17 R. C. L. 831, § 193; *Davis* v. *Boyett*, supra.

3. Under the Civil Code (1910), § 4380, if the defendant has been guilty of a fraud "by which the plaintiff has been debarred or deterred from his action, the period of limitations shall run only from the time of the discovery of the fraud." But a mere failure to sue by reason of fraud will not relieve the bar of the statute, since the plaintiff must be debarred or deterred from suing by reason of fraud involving moral turpitude, independently of the facts which give rise to the cause of action itself. *Printup* v. *Alexander*, 69 *Ga.* 553; *Austin* v. *Raiford*, 68 *Ga.* 201; *Downs* v. *Harris*, 75 *Ga.* 834; *Anderson* v. *Foster*, 112 *Ga.* 270, 273 (37 S. E. 426) ; 17 R. C. L. 852, § 213; Smith *v.* Blachley, 198 Pa. 173 (47 Atl. 985, 53 L. R. A. 849).

4. In the instant case the wrongful act by reason of which the plaintiff sought damages on account of mental pain and suffering and impairment of her health took place more than two years prior to the filing of the suit, and consisted in the alleged desecration of the body of her deceased husband and the grave in which it had been interred. While the testimony indicated that the plaintiff remained in ignorance of the alleged wrongful act until a few weeks before filing suit, and that the defendant had failed to inform her that they were unable to carry out their alleged contract to remove the body of the decedent and the casket in which it was buried intact, but instead had removed only a portion of the casket, and had removed the remains of the decedent to another receptacle in violation of the agreement, there was no evidence tending to show that the defendants were guilty of any fraudulent act which debarred or deterred the plaintiff from bringing the suit. Under the foregoing rulings, the court did not err in sustaining the plea of the statute of limitations.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 18, 1932.

*J. M. Lang,* for plaintiff.   *J. G. B. Erwin,* for defendants.