### 22711. PONDER *v.* BARRETT.

SUTTON, J. 1. If one lends money to another solely on the credit of the borrower, and takes therefor the latter's promissory note under seal, payable to the lender or order, the lender can not afterwards disregard the note and, in an action for money had and received, seek to hold a third person liable for the money loaned, on the ground that such person was the principal of the borrower and received the benefit of the money loaned, which fact was unknown to the lender at the time when the loan was made. *Van Dyke* v. *Van Dyke*, 123 *Ga.* 686 (3) (51 S. E. 582, 3 Ann. Cas. 978). See also *Citizens National Bank* v. *Jennings*, 35 *Ga. App.* 553 (134 S. E. 114).

2. The petition in this case was filed on December 23, 1930. The money was borrowed by the defendant's husband from the plaintiff on October 2, 1926, more than four years prior to the suit. The action was therefore barred by the statute of limitations. Civil Code (1910), §§ 4362, 4368. Mere ignorance of the facts constituting a cause of action does not prevent the running of the statute of limitations. *Barrett* v. *Jackson*, 44 *Ga. App.* 611 (162 S. E. 308). The fraud which, under the provisions of section 4380 of the Civil Code (1910), will relieve the bar of the statute of limitations must be of that character which involves moral turpitude, and must have the effect of debarring or deterring the plaintiff from his action. *Anderson* v. *Foster*, 112 *Ga.* 270 (37 S. E. 426). There was no proof of any act of the defendant or of her husband that constituted such fraud as involved moral turpitude, or that debarred or deterred the plaintiff from his action. The fact that the husband did not disclose to the plaintiff that he was borrowing the money as agent for his wife, and that the money so borrowed would be placed to her account with the broker, does not, of itself, show any fraud involving moral turpitude. The plaintiff testified that he loaned the money solely on the credit of the husband of the defendant, and the evidence showed that he had loaned other money to the defendant's husband and that he had repaid the same. The plaintiff testified also that he had no dealings with the defendant and that she had perpetrated no fraud upon him in the transaction.

3. Taking the most favorable view of the evidence for the plaintiff, a verdict for the defendant was demanded, under the rulings made above,

and it therefore follows that the court did not err in overruling the motion for a new trial.

4. For the reason that the plaintiff's counsel have apparently abandoned the special grounds of the motion for a new trial by not insisting upon them or referring to them in the brief (*Wall* v. *Wood*, 174 *Ga.* 508, 163 S. E. 153), and for the further reason that the verdict was demanded by the evidence, it is unnecessary to deal with such special grounds. *Futrelle* v. *Karsman*, 41 *Ga. App.* 765 (154 S. E. 714).

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 26, 1933.

*Pottle, Farkas & Cobb,* for plaintiff in error.
*S. B. Lippitt,* contra.