## 23481. SILVERTOOTH *v.* SHALLENBERGER.

JENKINS, P. J. 1. "Actions for injuries to personalty shall be brought within four years after the right of action accrues." Civil Code (1910), § 4496; *Patellis* v. *King,* 48 *Ga. App.* 389 (172 S. E. 921). This section applies to actions for loss of services under section 4412. See *Frazier* v. *Ga. R. Co.,* 101 *Ga.* 70, 72 (28 S. E. 684). Mere ignorance of the facts constituting a cause of action does not prevent the running of the statute of limitations. *Barrett* v. *Jackson,* 44 *Ga. App.* 611 (162 S. E. 308). But "if the defendant, or those under whom he claims, has been guilty of a fraud by which the plaintiff has been debarred or deterred from his action, the period of limitation shall run only from the time of the discovery of the fraud." Civil Code, § 4380. Fraud, within the meaning of this statute, must be of that character which involves moral turpitude, and must have the effect of debarring or deterring the plaintiff from his action. *Ponder* v. *Barrett,* 46 *Ga. App.* 757 (2) (169 S. E. 257). The petition of a husband for damages on account of loss of services of the wife, her hospital bills and other expenses, sustained from the alleged malpractice of the defendant in a surgical operation, performed upon her more than four years prior to the institution of the action, wherein it is alleged that the defendant left a surgeon's needle in the abdomen of his patient at the time of the operation, but which does not allege knowledge by the defendant of the presence of the needle, and merely alleges his knowledge of a negligent performance of the operation, and that, by the exercise of proper care in his subsequent treatment of the patient, knowledge of the presence of the needle would have been discovered, does not charge such knowledge involving moral turpitude on the part of the defendant as would toll the statute of limitations, so as to authorize the recovery of damages for the original alleged tort, in a suit instituted more than four years after the date of the operation. In *Bryson* v. *Aven,* 32 *Ga. App.* 721 (124 S. E. 553), where silence and inaction on the part of the physician were held to constitute such fraud as would operate to suspend the statute, it appears that the physician had actual knowledge of the presence of the foreign object in the body of his patient.

2. The test to be generally applied in determining when the statute of limitations begins to run against an action sounding in tort is whether the act causing the damage is in and of itself an invasion of some right of the plaintiff, and thus constitutes a legal injury and gives rise to a cause of action. If the act complained of does not in and of itself constitute an invasion of some legal right, but a recovery is sought only on account of damage subsequently accruing from and consequent upon an act not in itself tortious, the cause of action will be taken to accrue and the statute to begin to run only when the resultant damage is sustained. But if the act causing such subsequent damage is of itself unlawful in

the sense that it constitutes a legal injury to the plaintiff, and is thus a completed wrong, the cause of action accrues and the statute begins to run from the time such an act is committed, however slight the damage then may be. *Davis* v. *Boyett*, 120 *Ga.* 649 (48 S. E. 185, 66 L. R. A. 258, 102 Am. St. R. 118, 1 Ann. Cas. 386) ; *Barrett* v. *Jackson*, supra; 37 C. J. 880, § 248; 17 R. C. L. 831, § 193. Since, however, in this case the petition of the husband was not grounded solely upon the commission of the original tort in the performance of the operation upon his wife, but was further based upon the defendant's alleged subsequent negligence in failing to discover the presence of the alleged surgical needle in her body during his continuous treatment from the date of the operation on August 9, 1926, until February, 1932, when after consulting another physician, as alleged, an x-ray examination disclosed the presence of the needle, the petition was not subject to general demurrer as being altogether barred by the statute of limitations. The action could be maintained for the alleged negligence in the subsequent treatment by the defendant during any part of the four years prior to the institution of the action on February 16, 1933. See *Akridge* v. *Noble*, 114 *Ga.* 949, 959 (41 S. E. 78) ; *Radcliffe* v. *Maddox*, 45 *Ga. App.* 676, 680 (165 S. E. 841) ; *Chapman* v. *Radcliffe*, 44 *Ga. App.* 649 (162 S. E. 651) ; 37 C. J. 897, and cit. Since the order of the trial court clearly indicates that the petition was dismissed on the sole ground of the general demurrer that the action was barred by the statute of limitations, and since the statement in one count of two or more causes of action is not ground for dismissal on general demurrer (*Central of Ga. Ry. Co.* v. *Banks*, 128 *Ga.* 785, 58 S. E. 352; *Citizens Bank* v. *Union Warehouse Co.*, 157 *Ga.* 434 (7 *a*), 455, 122 S. E. 327; *Harris* v. *Wilcox*, 7 *Ga. App.* 121, 66 S. E. 380; *Tice Co.* v. *Evans*, 32 *Ga. App.* 385 (2), 123 S. E. 742), and since it appears from the order that the special demurrers raising this and other questions were not passed upon by the trial court, the order dismissing the action on general demurrer as having been altogether barred by the statute of limitations must be reversed, leaving the matters with respect to the special demurrers open for further determination in the trial court.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED APRIL 19, 1934.

*E. E. Carter, John W. Crenshaw,* for plaintiff.
*Bryan, Middlebrooks & Carter,* for defendant.