23661.  SILVERTOOTH *v.* SHALLENBERGER.

PER CURIAM.  In this action for damages for pain and suffering and loss of earnings, brought for the alleged negligence of the defendant in leaving a surgeon's needle in the plaintiff's abdomen during the performance of a surgical operation about six years prior to the suit, and in the continuous treatment of the plaintiff thereafter, the petition as finally amended sought only to recover for negligence in the treatment during the two-year period prior to the suit, but also claimed earnings on account of the plaintiff's loss of her position in August, 1926, in consequence of the original operation.  The court dismissed the petition upon both the general and special grounds of demurrer, saying that "the suit alleges that the defendant was negligent in not discovering the condition complained of at a date named within the period of two years prior to the filing of the suit, but does not negative the duty, if such duty existed, to have discovered that condition prior thereto."  As to the general demurrer, invoking the statute of limitations, this case is controlled by the rulings made in *Silvertooth* v. *Shallenberger,* 49 *Ga. App.* 133 (174 S. E. 365), which was an action by the husband of the present plaintiff for loss of her services, controlled by a four-year period of limitations, and in which the averments of negligence were substantially the same as in this case.  This court held in effect that while the action was barred as to the original alleged tort in leaving the needle in the wife's abdomen, the petition was good as against general demurrer in its averments of negligence in the treatment of the wife during the statutory period.  Accordingly, it was error to dismiss the instant petition upon general demurrer as to the similar averments of negligence occurring during the two-year statutory period applicable to this suit for personal injuries.  While the petition was subject only to one of the grounds of special demurrer, attacking the claim for earnings, since the alleged negligence occasioning such loss was the original operation long prior to the statutory period, and no connection was shown between the alleged negligence during the statutory period and the loss of earnings, this defect did not authorize a dismissal of the entire petition.

*Judgment reversed. Jenkins, P. J., and Stephens and Sutton, JJ., concur.*

DECIDED SEPTEMBER 29, 1934.

*E. E. Carter, John W. Crenshaw,* for plaintiff.

*Bryan, Middlebrooks & Carter, John A. Dunaway,* for defendant.