### 35501. SAFFOLD *v.* SCARBOROUGH.

DECIDED MARCH 14, 1955.

*John B. Miller, Martin McFarland,* for plaintiff in error.

*Lokey & Bowden, Bryan, Carter, Ansley & Smith, Marshall, Greene & Neely,* contra.

FELTON, C. J. ■ Properly construed, the first count of the petition alleged two acts of simple negligence against the defendant: (1) in treating the plaintiff with an excessive amount of radium on April 25, 1945, and (2) after five years of treatment, following the administration of the radium, pronouncing him well on May 26, 1950, "when, in fact, defendant, upon careful examination, knew and could have determined the radiation burns caused petitioner by defendant"; therefore, since both acts of negligence occurred more than two years prior to the institution of this action, the action is barred, and the court did not err in sustaining a demurrer to the first count setting up the statute of limitations. Code § 3-1004.

■ The second count is based on the original act of negligence of administering an excessive amount of radium, plus the fraud of the defendant in failing to disclose to the plaintiff the fact of the excessive application and the damage resulting therefrom. The plaintiff alleged in the second count that the defendant prescribed a five-year course of treatment following the administering of the radium, and that the plaintiff took such treatment. He further alleges: "Petitioner shows that during the five-year course of treatment previously described and thereafter he from time to time noticed a sloughing off of particles of tissue from the inside of his nose and that he periodically suffered from nose bleeds. Petitioner advised defendant of these happenings, and defendant responded that this was a normal reaction to the treatment given and that it should be disregarded as of no consequence. Petitioner avers that defendant knew from the sloughing off of tissue and repeated nose bleeds that petitioner was suffering from radiation injury resulting from the previous treatment. However, defendant knowingly and wilfully concealed this information from petitioner, and petitioner did not learn of his condition and of his injuries until March 25, 1952. Petitioner did not learn of the connection between his injuries and the defendant's treatment until he was so advised by Dr. Robert Drane of Savannah, Georgia, on or around May 8, 1952. . . Petitioner shows that defendant was aware of the fact that petitioner had been injured by excessive radiation resulting from defendant's treatment of petitioner, all during the five-year post operative treatment period discussed above, and all during the time from the date of the treatment in 1945 until the time in 1952 when he first advised petitioner that petitioner was suffering from radiation injury. Despite defendant's knowledge of this condition, defendant knowingly and wilfully failed to disclose this information to petitioner and therefore as a result of defendant's failure to disclose this information, petitioner was not aware of his radiation injury until he was so advised for the first time by Dr. Drane in Savannah in 1952."

Also, contained in the second count, was the following allegation specifying negligence: "By pronouncing petitioner well on May 26, 1950, when, in fact, defendant, upon careful examination, knew and could have determined the radiation burns caused pe-

titioner by defendant." The defendant in error contends that the above allegation is alternative pleading and at most pleads only constructive notice on the part of the defendant, and that, therefore, no fraud is shown, and both acts of negligence are barred by the statute of limitations. We do not concede that such pleading is in the alternative (*Abernathy* v. *Rylee*, 209 *Ga.* 317, 319, 72 S. E. 2d 300), but, assuming for the sake of argument that it is, the specific allegations relating to the actual knowledge of the plaintiff's injury and condition, and the withholding of such information from him from the time of the radium treatment until 1952, are so positive and compelling and do so preponderate that they must govern in this situation as against a general demurrer setting up the statute of limitations. *Henderson* v. *Nolting First Mortgage Corp.*, 184 *Ga.* 724 (2) (193 S. E. 347, 114 A. L. R. 1022). There are many cases where a petition contained alternative pleading that the defendant knew or should have known, and such was construed to plead only constructive notice, and since actual notice was necessary to recover, it was held that the petition was subject to general demurrer. But in those cases the only pleading as to notice was the general allegation in the alternative and no detailed and concise pleading showing actual notice was contained in the petition.

Code § 3-807 provides: "If the defendant, or those under whom he claims, shall have been guilty of a fraud by which the plaintiff shall have been debarred or deterred from his action, the period of limitation shall run only from the time of the discovery of the fraud." This means that the statute of limitations which might run on the original wrong is tolled and a cause of action on that wrong is preserved.

The case of *Silvertooth* v. *Shallenberger*, 49 *Ga. App.* 133 (174 S. E. 365), does not involve an action where the plaintiff was prevented from discovering the original act of negligence by the fraud of the defendant, but was based on the original act of negligence in leaving the needle in the wife's body, and the subsequent negligence in not discovering the presence of the needle during subsequent treatment. *Bryson* v. *Aven*, 32 *Ga. App.* 721 (124 S. E. 553), is not authority for the proposition that, before Code § 3-807 can come into action and toll the statute of limitation, the original act must have been lawful in and of itself. The

essence of that holding is that, while the original act of the doctor in inserting a pessary was a lawful act and did not constitute negligence, the failure of the doctor within a reasonable and proper time to either remove the pessary or tell the defendant of its presence was negligence; and that the subsequent failure of the doctor to either remove the pessary or tell the defendant of its presence was fraud which would toll the statute of limitation from running on the original negligent failure to either remove or disclose.

In the instant case, the plaintiff alleges an original wrong, a confidential relationship between the parties (see *Kirkley* v. *Sharp,* 98 *Ga.* 484 (1), 25 S. E. 562), fraud involving moral turpitude on the part of the defendant in knowing of the original injury, and the plaintiff's condition resulting therefrom, and in wilfully withholding such information from the time of the injury until 1952. The second count of the petition alleges sufficient fraud to toll the statute of limitations and, since the action was brought within two years of the discovery of such fraud, it is not barred.

The court did not err in sustaining the demurrer to the first count of the petition. The court erred in sustaining the demurrer to the second count of the petition and in dismissing the action.

*Judgment affirmed in part and reversed in part. Quillian and Nichols, JJ., concur.*