Mrs. Ouida **CHENEY**

v.

**SYNTEX LABORATORIES, INC.**

Civ. A. No. 10899.

United States District Court
N. D. Georgia,
Atlanta Division.
July 24, 1967.

———◆———

John E. Sacker, Jr., Atlanta, Ga., for plaintiff.

Ben L. Weinberg, Jr. (Long, Weinberg & Ansley), Atlanta, Ga., for respondent.

## ORDER

EDENFIELD, District Judge.

In this diversity case the plaintiff sues the defendant for damages from a pulmonary embolism allegedly suffered by taking a medicinal compound called "Norinyl", which she alleges was negligently manufactured and distributed by the defendant and which was prescribed for plaintiff by her physician on or about the last week of December, 1964. She alleges that the pulmonary embolism developed on the 26th day of April, 1965, and this suit was filed on the 25th day of April, 1967. The defendant has filed a motion to dismiss the complaint on the ground that it appears from the face of the petition that the plaintiff's action is barred by the two-year statute of limitations prescribed in Georgia Code Section 3–1004.

Complainant alleges that she took the medicine, according to directions, for a period of three months and twelve days, after it was prescribed during the last week of December, 1964. It follows, therefore, that even if the first dose was taken on the last day of December, 1964, and that subsequent doses were taken for three months and twelve days, the last dose would have to have been taken some time around the 12th day of April, 1965. In paragraph 10 of her complaint the plaintiff alleges that after taking the medicine for the period of three months and twelve days, "plaintiff developed severe side effects; i. e., constant break-through bleeding, headaches, swelling, and a general weakened condition, and her physician told her to quit taking said tablets." In paragraph 11 she alleges that as early as the 20th of April, 1965, she "went to her family physician, Dr. John Trotter, to be examined for the conditions set forth above," and that he put her in the hospital. It was thereafter, on the 26th day of April, 1965, that she was stricken with the pulmonary embolism complained of.

It thus appears that plaintiff had ingested the medicine and had actually suffered some damages from defendant's alleged negligence as early as April 20, 1965. Clearly, therefore, her cause of action was then complete and the statute of limitations started running from that date. The action was therefore barred when the suit was ultimately filed on April 25, 1967. See Gould v. Palmer & Read, 96 Ga. 798, 22 S.E. 583. Saffold v. Scarborough, 91 Ga.App. 628, 86 S.E. 2d 649; Brewer v. Southern Gas Corp., 90 Ga.App. 81, 82 S.E.2d 171; Dalrymple v. Brunswick Coca-Cola Bottling Co., 51 Ga.App. 754, 181 S.E.2d 597.

In seeking to avoid this result, plaintiff cites Chitty v. Horne-Wilson, Inc., 92 Ga.App. 716, 89 S.E.2d 816, to the effect that the cause of action could not have arisen, and consequently the statute of limitations could not have begun to run, until the injury was sustained; and, by arguing that the only injury complained of (pulmonary embolism) was not suf-

fered until April 26th, plaintiff urges that the statute could not commence to run until that date.

The *Chitty* case involved injuries from a furnace explosion and, so far as the court can determine, was properly decided on its facts. In that case the statute could not start to run until the day of the explosion (although the furnace may have been negligently installed at an earlier date) because, until it exploded, plaintiff had suffered no injuries whatsoever, and consequently had no damages to sue for, nominal or otherwise. Here, however, despite the fact that plaintiff sues only for the embolism which occurred on April 26th, she affirmatively alleges injuries resulting from the same negligence and for which damages might have been recovered as early as April 20th. We do not understand the Georgia law to be that by merely suing for the last of a series of consequences (at a time when the right of action for the first consequence is barred) a plaintiff can thereby extend the statute of limitations. In fact, the case of Dowling v. Lester, 74 Ga.App. 290(2), 39 S.E.2d 576, cited by plaintiff, appears to conclude this contention against her. In that case plaintiff sued for injuries to her teeth, based upon the alleged negligence of the defendant restaurant in serving food with a rock or other similar substance therein. It appeared that certain minor injuries were received at the time she originally bit down on the rock. It appeared to be generally conceded that these injuries were barred, but the petition also sought to recover for additional injuries, apparently suffered within the statute of limitations, which resulted from her efforts to correct the consequences of the first injury. Thus, at page 294 at page 578 of 39 S.E.2d of the opinion, the court said:

"The plaintiff in error contends that even if the cause of action for the injury sustained on February 19, 1944, is barred by the statute of limitations, the petition alleges a cause of action for the resulting injuries to her teeth and mouth caused by the treatment received from the dentist. This contention cannot be legally sustained. The cause of action declared on was the breach of duty of the defendant in negligently serving her food with a rock or other hard substance therein on February 19, 1944, which caused her to break or split one of her teeth. All other injuries alleged were those resulting from the original injury or incidental to it in that they were sustained as a part of the medical or dental treatment resulting from the original injury. Under the facts of this case, the statute of limitations commenced to run from the breach of duty on the part of the defendant in negligently serving the defendant food with a rock or other hard substance therein, whereby she was injured, and not from the time when the extent of the injury was ascertained. In this connection, see Gould v. Palmer, 96 Ga. 798, 22 S.E. 583."

The same statement was made in the case of Brewer v. Southern Gas Corp., 90 Ga.App. 81, 82 S.E.2d 171, and in Mobley v. Murray County, 178 Ga. 388, 173 S.E. 680, the Supreme Court of Georgia said:

"When the question is raised as to whether an action is barred by a statute of limitations, the true test to determine when the cause of action accrued is 'to ascertain the time when the plaintiff could first have maintained his action to a successful result.' * * * A right of action has its inception from the time there has been a breach of duty; and this would entitle the party to file a suit for the breach, without regard to whether any actual damage had in fact resulted."

It may be that plaintiff could not have maintained this action to a successful result until *some* injury or damage was sustained (see Silvertooth v. Shallenberger, 49 Ga.App. 133(2), 174 S.E. 365; but here this could have been no later than April 20, 1965, and the suit was therefore barred on April 25, 1967.

The defendant's motion to dismiss must be, and hereby is, sustained.