45789.   PARKER v. VAUGHAN.

ARGUED JANUARY 4, 1971—DECIDED JULY 1, 1971—
REHEARING DENIED JULY 21, 1971—

*Ross & Finch, Claude R. Ross, Ellis Ray Brown,* for appellant.
*Kelly, Champion & Henson, S. E. Kelly,* for appellee.

BELL, Chief Judge. Although there have been cases in this jurisdiction dealing with foreign objects left in patients' bodies by surgeons during the course of operations, none of these cases is directly in point with the *one here* but each is in some pertinent fashion distinguishable. However, the holdings in *Silvertooth v. Shallenberger,* 49 Ga. App. 133 (174 SE 365) are rather obscure and are rendered more so by their explanation and the holding in the later case of *Silvertooth v. Shallenberger,* 49 Ga. App. 758 (176 SE 829). The second *Silvertooth* case does not seem to recognize that where the treatment of the patient by the same doctor continues after the operation, suit may be brought at any time within the limitation period following termination of treatment even though the original act of malpractice would have been barred. See 54 CJS 139, 144, § 174, where the case is so interpreted. In order to clarify this obscurity each of the two *Silvertooth* cases is expressly overruled insofar as it may be viewed as conflicting with the holding here.

In *Davis v. Boyett,* 120 Ga. 649 (2) (48 SE 185) and *Barrett v. Jackson,* 44 Ga. App. 611 (162 SE 308) the appellate courts held that mere ignorance of the facts constituting a cause of action does not prevent the running of the statute of limitation. Each of these cases is also authority for the proposition that the statute

begins to run when the wrong is completed. These holdings, are, of course, the courts' way of interpreting what is meant by the statutory language "after the right of action accrues." *Code Ann.* § 3-1004. Under these holdings ignorance of the cause of action alone does not toll the statute. The determining question then is when did the wrong become a completed wrong. In this case if the wrong became a completed wrong at the time the defendant-doctor first closed the wound leaving the clamp in the patient's abdomen (December 26, 1962), then the statute ran from that date and was not tolled by the patient's ignorance. This finding would require affirmance of the trial judge's order terminating the case as the suit was not filed until December 22, 1966, much longer than the allowable time of two years. We do not feel, however, that the wrong was completed at the time of the closing of the wound on December 26, 1962. When the doctor placed the steel arterial clamp in the plaintiff's abdomen he did so with her permission and he therefore did no wrong. Thus the placing of the arterial clamp was no completed wrong for there was no wrong at all. When, however, the doctor left the clamp in his patient's abdomen and closed the wound, he commenced a wrong by imposing on the patient's physical being the harboring of a foreign body which could cause her discomfort or pain or be deleterious to her health. This wrong is not a completed wrong. This invasion was not transitory but constant. It is a wrong which continued to be an unlawful invasion of the patient's rights for as long as the clamp remained in its improper place. Until somehow recognized, this wrong existed in a suspended state of oblivion but exist it did. In this state of limbo the statute did not run. As to this type of wrong the statute can only begin to run from the time the patient has knowledge, or through the exercise of ordinary care could have learned, of the existence of the continuing tort. The action was timely brought on this continuing tort within two years of the day of its recognition.

Interestingly, the Supreme Court in the case of *Akridge v. Noble,* 114 Ga. 949, 959 (41 SE 78), a malpractice case against a physician who allegedly had carelessly left a sponge or pad in the plaintiff's body and closed the wound, had this to say: "It seems to us that the operation begins when the opening is made into the

body and ends when this opening has been closed in a proper way after all appliances necessary to the successful operation have been removed from the body." See the case of Huysman v. Kirsch, 6 Cal. 2d 302 (57 P2d 908), where the Supreme Court of California cites and follows this statement of our Supreme Court in holding substantially what we hold here. Obviously, under the Supreme Court's view an operation is never completed until all appliances, including steel arterial clamps, necessary to the successful operation are removed from the body. This statement by the Supreme Court, followed by the Supreme Court of California, certainly bolsters our view that the leaving of the arterial clamp in the abdomen of this plaintiff constituted a continuing tort which tolled the statute as long as it remained in its ever present unknown status.

The holdings in the malpractice cases of *Saffold v. Scarborough,* 91 Ga. App. 628 (86 SE2d 649) and *Bryson v. Aven,* 32. Ga. App. 721 (124 SE 553) merely reaffirm the principle that the statute begins to run from the time of the completed tort. Nothing in these cases, nor in any other malpractice case cited to us, is in conflict with the holding here. Indeed *Saffold* and *Bryson,* and all other cases of like nature, seemingly were preoccupied with the theory of fraud which greatly influenced their decisions. All other cases, of the Supreme Court and this court, which deal with the statute of limitation differ markedly on the facts and are not controlling.

There is nothing new about the theory of the continuing tort as adopted here and applied to the facts of this alleged malpractice case. It is widely followed. See for example, Gaddis v. Smith, 417 S. W. 2d 577 (Texas); Berry v. Branner, 245 Ore. 307 (421 P2d 996); Morgan v. Grace Hospital, 149 W. Va. 783 (144 SE2d 156) and Huysman v. Kirsch, 6 Cal. 2d 302, supra, where the Supreme Courts of Texas, Oregon, West Virginia and California each specifically overruled previous decisions in announcing what amounts to the rule of the continuing tort. Note particularly the Berry case (Oregon) which covers many things well. Also see 54 CJS, p. 27, Cumulative Pocket Part, footnote 26.

We specifically wish to make it clear that our holding here is limited to causes of action in which a surgeon negligently leaves a foreign object in the body of his patient.

*Judgment reversed. Jordan, P. J., Pannell, Deen, Quillian, Whitman and Evans, JJ., concur. Hall, P. J., and Eberhardt, J., dissent.*

EBERHARDT, Judge, dissenting. If the matter were of first impression, or if it were dependent wholly upon decisions rendered by this court, I should not feel that any violence were done to the law by establishing the principle as proposed in the majority opinion.

However, the Supreme Court has held in *Crawford v. Gaulden,* 33 Ga. 173 (8) that "In an action against an attorney for negligence or unskilfulness in the conduct of business, the Statute of Limitations commences to run from the time the negligent or unskilful act was committed, and plaintiff's ignorance of such act can not affect the bar of the statute." This case was followed in *Lilly v. Boyd,* 72 Ga. 83, 85, *Gould v. Palmer & Read,* 96 Ga. 798 (22 SE 583), and *Irvin v. Bentley,* 18 Ga. App. 662 (90 SE 359). And see *McClaren v. Williams,* 132 Ga. 352 (4) (64 SE 65); *Barrett v. Jackson,* 44 Ga. App. 611 (162 SE 308); *Dalrymple v. Brunswick Coca-Cola Bottling Co.,* 51 Ga. App. 754 (181 SE 597); *Saffold v. Scarborough,* 91 Ga. App. 628 (86 SE2d 649). Cf. *Bryson v. Aven,* 32 Ga. App. 721 (124 SE 553).

I am unable to justify the establishment of one standard as to the commencement of the running of the statute of limitation in a malpractice action against an attorney and another standard to be applied to a malpractice action against a doctor.

We applied the standard established in other actions against attorneys in a case against a doctor in *Silvertooth v. Shallenberger,* 49 Ga. App. 133 (2) (174 SE 365), and 49 Ga. App. 758 (176 SE 829).

The very same principle was established in *Davis v. Boyett,* 120 Ga. 649 (2, 3) (48 SE 185), though not against a doctor or a lawyer. And we equated all of them, citing both *Crawford* and *Silvertooth* for the principle in *Wellston Co. v. Sam N. Hodges, Jr. & Co.,* 114 Ga. App. 424, 426 (151 SE2d 481).

It is my view that we are bound here by the principle established in these Supreme Court decisions, and that we are not in position to overrule or to run counter to them.

The case of *Akridge v. Noble,* 114 Ga. 949 (41 SE 78), cited by the majority, did not involve the statute of limitation in any

manner or respect. The excerpt, therefore, is out of context and does not change the rule. The court was simply holding there that the matter of placing or removing sponges from a body cavity during an operation is one within the skills and competence of the doctor, and thus that he is to be held for negligence in failing to remove them. It certainly did not hold that the operation had not been concluded and the tort committed when the opening was closed.

I am authorized to state that Presiding Judge Hall concurs in this dissent.