**Deborah J. SMITH, Plaintiff,**

v.

**TANDY CORPORATION, Individually and d/b/a Tandy Name Brand Retail Group and McDuff Electronics, Defendants.**

**Civ. A. No. 290–184.**

United States District Court,
S.D. Georgia,
Brunswick Division.

May 18, 1990.

## ORDER

ALAIMO, District Judge.

Plaintiff brings the instant action seeking to recover from the defendants for intentional infliction of emotional distress. The case is presently before the Court on defendants' motion to dismiss all claims that are based upon incidents which occurred prior to April 10, 1988. Defendants also move to strike paragraph nine of plaintiff's complaint.

For reasons expressed below, defendants' motion to dismiss will be granted as to any claims which arose prior to April 10, 1988. However, defendants' motion to strike paragraph nine of the complaint will be denied.

FACTS

From September of 1987 to May 19, 1988, plaintiff was employed as a salesperson at Tandy Corporation's McDuff outlet in Brunswick, Georgia. Plaintiff alleges that throughout the period of her employment she was sexually harassed by one of her co-workers. She claims to have made numerous complaints to defendants' supervisory personnel, but no corrective or disciplinary actions were taken. Plaintiff now seeks to hold defendants liable for her pain and mental suffering resulting from the incidents of harassment.

Plaintiff filed this action in the Superior Court of Glynn County on April 10, 1990. Defendants removed the case to this Court on April 27. In their motion to dismiss, defendants claim that plaintiff should be permitted to seek recovery only for injuries

which occurred between April 10, 1988, two years before the suit was filed, and May 19, 1988, when Smith resigned from the McDuff outlet. They contend that any claims arising out of incidents occurring *prior* to April 10, 1988, are barred by the statute of limitations. In her response to defendants' motion, plaintiff argues that she should be able to recover for all injuries suffered during the term of her employment because defendants' actions constituted a "continuing tort."

DISCUSSION

■ In Georgia, an action for injury to the person must be brought within two years after the right of action accrues. O.C.G.A. § 9-3-33. The two-year statute of limitations includes actions for intentional infliction of emotional distress. *Fleming v. Lee Engineering & Construction Co.*, 184 Ga.App. 275, 276, 361 S.E.2d 258 (1987).

The Georgia Court of Appeals discussed the application of this limitations provision to claims for harassment and abuse in *Adams v. Emory University Clinic*, 179 Ga.App. 620, 347 S.E.2d 670 (1986). In the *Adams* case, all alleged acts of harassment occurred more than two years before the suit was filed, so the court ruled that the entire action was time-barred. With respect to the accrual of the action in *Adams*, the court, citing an earlier decision by the Georgia Supreme Court, stated as follows:

> The test to be applied in determining when the statute of limitations begins to run against an action sounding in tort is in whether the act causing the damage is in and of itself an invasion of some right of the plaintiff, and thus constitutes a legal injury and gives rise to a cause of action. If the act is of itself not unlawful in this sense, and a recovery is sought only on account of damage subsequently accruing from and consequent upon the act, the cause of action accrues and the statute begins to run only when the damage is sustained; but if the act causing such subsequent damage is of itself unlawful in the sense that it constitutes a legal injury to the plaintiff, and is thus a completed wrong, the cause of action accrues and the statute begins to

run from the time the act is committed, however slight the actual damage then may be.

*Adams*, 179 Ga.App. at 622, 347 S.E.2d 670 (citing *Hoffman v. Ins. Co. of N. America*, 241 Ga. 328, 330, 245 S.E.2d 287 (1978)). In the instant case, as in *Adams*, the harassing conduct itself was unlawful. The cause of action, therefore, accrued at the time the acts of harassment were committed.

Other Georgia cases discussing the accrual of a tort action have stated that the limitations period is measured from "the time when the plaintiff could first have maintained his action to a successful result...." *Shapiro v. Southern Can Co.*, 185 Ga.App. 677, 678, 365 S.E.2d 518 (1988); *Jankowski v. Taylor, Bishop & Lee*, 246 Ga. 804, 806, 273 S.E.2d 16 (1980). Applying this test to the present set of facts, the Court concludes that plaintiff could have brought suit against the defendants after each of the acts of harassment. Thus, she is precluded from asserting claims arising from conduct which occurred more than two years before this suit was filed.

■ Plaintiff contends that these acts were part of a "continuing tort," thus tolling the statute of limitations. The continuing tort doctrine was introduced into Georgia law by the case of *Parker v. Vaughn*, 124 Ga.App. 300, 183 S.E.2d 605 (1971). The court in *Parker* held that, where a surgeon negligently leaves a foreign object in the body of a patient, a continuing tort exists so long as the object remains undetected. The Georgia Supreme Court expanded the application of the continuing tort doctrine in *Everhart v. Rich's, Inc.*, 229 Ga. 798, 194 S.E.2d 425 (1972), to cover situations "where any negligent or tortious act is of a continuing nature and produces injury in varying degrees over a period of time." *Id.* at 802, 194 S.E.2d 425. The *Everhart* case involved a failure to warn the plaintiff of the existence of a hazardous condition.

Later cases decided by Georgia courts have warned against indiscriminate extensions of the continuing tort doctrine. For example, in the case of *Forgay v. Tucker*, 128 Ga.App. 497, 197 S.E.2d 492 (1973), Chief Judge Bell, author of the *Parker* opinion, wrote separately to express his

concern regarding the expansion of the doctrine. He noted that its use must be restricted in order to avoid unnecessary interference with the beneficial effects of the statute of limitations.[1]

In the instant action, the Court finds no justification for applying the continuing tort doctrine. It is undisputed that plaintiff was fully aware of the tortious acts allegedly committed by defendants, and she certainly could have filed her suit within the two-year limitations period. Plaintiff's recovery will, therefore, be limited to those claims arising within two years of the filing of this action.

Defendants have moved to strike paragraph nine of the complaint, where plaintiff alleges that the incidents of harassment occurred during the period in which she was employed by McDuff Electronics. According to the defendants, this paragraph raises claims which are time-barred. The Court finds that paragraph nine does not specifically assert a claim for relief; thus, it need not be stricken.

CONCLUSION

Having determined that this action should not be treated as a continuing tort, all claims arising more than two years before plaintiff filed this action on April 10, 1990, are barred by the statute of limitations. Accordingly, defendants' motion to dismiss those claims is hereby GRANTED and the Clerk of the Court is directed to enter an appropriate judgment. The motion to strike paragraph nine of plaintiff's complaint is DENIED.

SO ORDERED.

---

1. In *Forgay*, the court rejected plaintiff's argument that the statute of limitations had been tolled on her claim for malpractice arising out of the prescription of improper medication. The court found that the continuing tort doctrine is invoked only under the following circumstances:

> [W]hen the injury resulting from a tortious act is not immediately apparent the statute of limitation is tolled so long as the victim could not in the exercise of ordinary care have learned of it, and where a failure to warn of

such possible result is made the basis of the action such failure is actionable and continuing until the victim is warned, or discovery made, or he should in the exercise of ordinary care have otherwise learned of it.

*Id.* at 500, 197 S.E.2d 492. The plaintiff in *Forgay* had notice of the connection between her condition and the medicine prescribed by the defendant doctor for more than two years before she filed suit. Plaintiff's action, therefore, was time-barred.